Barry M. **HODGKINS**, Jr., **Individually and on Behalf of the Estate of Laverne Hodgkins, Deceased, and on Behalf of Barry M. Hodgkins, III, Appellant,**

v.

**R.A. BRYAN, M.D. and Memorial Radiology Associates, P.A., Appellees.**

No. 14–01–01037–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 30, 2003.

Rehearing Overruled March 20, 2003.

---

David W. Holman, Scott R. Brann, Houston, for appellants.

Terri S. Harris, Austin, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

Barry M. Hodgkins, Jr. appeals a summary judgment in favor of R.A. Bryan, M.D. and Memorial Radiology Associates. In four issues, appellant contends the no-evidence summary judgment should be reversed because: (1) the record reveals more than a scintilla of evidence of causation; (2) the defendants failed to conclusively establish all elements of their affirmative defense; (3) appellant retains a survivor action; and (4) appellant has not violated the statute of limitations. We affirm.

## Factual Background

In October 1998, Laverne Hodgkins visited her primary care physician with complaints of difficulty swallowing and shortness of breath. Ms. Hodgkins was diagnosed with lung cancer and referred to an oncologist on November 3, 1998. On November 5, 1998, the oncologist indicated she would treat Ms. Hodgkins's lung cancer pending results of a brain CT scan. Pre- and post-contrast CT scans were performed that day and interpreted by Dr. R.A. Bryan. Dr. Bryan reported that the CT scans were negative. The oncologist relied on Dr. Bryan's report and treated Ms. Hodgkins's lung cancer. According to the plaintiff's petition, the oncologist declared Ms. Hodgkins free of lung cancer.

On June 24, 1999, Ms. Hodgkins went to the emergency room suffering from disorientation, confusion, irrational behavior, and forgetfulness. A CT scan of her brain showed two cancerous lesions. One of the lesions was present on the CT scan performed by Dr. Bryan on November 5, 1998. Laverne Hodgkins died October 21, 1999 from respiratory arrest secondary to metastatic brain cancer.

Appellant filed suit individually and on Ms. Hodgkins's behalf against Dr. Bryan, Memorial Radiology Associates, Memorial Hermann Hospital, and the oncologist. Appellant seeks recovery under the Wrongful Death Act[1] and the Survival Statute.[2] Appellant asserts Dr. Bryan was negligent in that he failed to properly read the CT scans and failed to accurately report the results of the CT scans. Memorial Radiology Associates (MRA) was named in the suit for failing to properly supervise Dr. Bryan. Dr. Bryan and MRA filed a no-evidence motion for summary judgment on the ground that appellant could not produce evidence that Ms. Hodgkins had a fifty-one percent or greater chance of survival on November 5, 1998, the date of the alleged malpractice. MRA supplemented its motion for summary judgment, contending that the statute of limitations had expired before appellant brought MRA into the suit.

In response to the motion for summary judgment, appellant filed affidavits from Dr. Malin Dollinger and Dr. Frank Mainzer. Dr. Mainzer stated in his affidavit that the November 5, 1998 scan demonstrated a definite area of abnormality of the left brain and a radiologist reviewing such an abnormality could expect a metastatic tumor. In his affidavit, Dr. Dollinger stated that, based on reasonable medical probability, had the brain cancer been detected, as reflected on the CT scan of November 5, 1998, Ms. Hodgkins would have received appropriate treatment and, in all medical probability, would not have died from the brain cancer. Dr. Dollinger further stated, "that as of the time of the brain CT scans of November 5, 1998, Ms. Laverne Hodgkins had a fifty-one percent (51%) or greater chance of not dying of the brain cancer had treatment been given for this shortly thereafter." Dr. Dollinger further opined that Ms. Hodgkins's death was preventable and the proximate cause of her death was the negligence of Dr. Bryan in failing to properly report the results of the November 5 CT scans. At the conclusion of his affidavit, Dr. Dollinger stated, "[H]ad Ms. Laverne Hodgkins' brain cancer been diagnosed in November, 1998 and thereafter treated in accordance with standard treatment protocols, that Laverne Hodgkins would have lived at least an additional 6 to 12 months." The trial court granted summary judgment for Dr. Bryan and MRA.

---

**1.** TEX. CIV. PRAC. & REM.CODE ANN. §§ 71.002 & 71.004 (Vernon Supp.2002).

**2.** TEX. CIV. PRAC. & REM.CODE ANN. § 71.021 (Vernon Supp.2002).

## Standard of Review

A no-evidence motion for summary judgment shifts the burden of proof to the non-movant to produce evidence raising a genuine issue of material fact on the contested issue on which the non-movant would bear the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i). In this motion, a party asserts there is no evidence of one or more essential elements of the claims upon which the opposing party would have the burden of proof at trial. *Lake Charles Harbor and Terminal Dist. v. Board of Trustees of Galveston Wharves*, 62 S.W.3d 237, 241 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). Unlike a movant for traditional summary judgment, a movant for a no-evidence summary judgment does not bear the burden of establishing a right to judgment by proving each claim or defense. *Id.* To defeat a no-evidence summary judgment motion, the non-movant need not marshal its proof, but should identify more than a scintilla of evidence raising a fact issue on the challenged elements. *See* Tex.R. Civ. P. 166(i) cmt.

A non-movant puts forth less than a mere scintilla of evidence when that which is proffered is "so weak as to do no more than create a mere surmise or suspicion"—the effect being that there is no evidence offered. *Hight v. Dublin Veterinary Clinic*, 22 S.W.3d 614, 619 (Tex.App.-Eastland 2000, pet. denied). We review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

## Lost Chance of Survival

 In his first issue, appellant contends the summary judgment should be reversed because the record reveals more than a scintilla of evidence of causation. To prove medical malpractice, the patient shoulders the burden of proving the physi- cian breached the standard of care and that such a breach proximately caused the patient's injuries. *Duff v. Yelin*, 751 S.W.2d 175, 176 (Tex.1988). Appellees allege in their no-evidence motion for summary judgment that the non-movant has no evidence appellees' negligence was the proximate cause of Ms. Hodgkins's injuries. Proximate causation embraces two concepts: foreseeability and cause in fact. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury, which would not otherwise have occurred. *Prudential Ins. Co. v. Jefferson Assocs.*, 896 S.W.2d 156, 161 (Tex.1995). More specifically, appellees contend appellant produced no evidence of cause in fact.

 To prove cause in fact, the plaintiff must establish a causal connection between the negligent act and the injury based on reasonable medical probability. *Bottoms v. Smith*, 923 S.W.2d 247, 251 (Tex.App.-Houston [14th Dist.] 1996, no writ). The effect of this requirement is to bar recovery where the defendant's negligence deprived the plaintiff of only a fifty percent or less chance of avoiding the ultimate harm. *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 405 (Tex.1993). "[W]here pre-existing illnesses or injuries have made a patient's chance of avoiding the ultimate harm improbable even before the allegedly negligent conduct occurs— *i.e.*, the patient would die or suffer impairment anyway—the application of these traditional causation principles will totally bar recovery, even if such alleged negligence deprived the patient of a *chance* of avoiding the harm." *Id.* at 400. Because the Wrongful Death Act authorizes recovery solely for injuries that cause death, the act does not authorize recovery for the loss of less than an even chance of avoiding death. *Id.* at 404. If the patient's chance of

avoiding death was less than fifty-one percent, recovery is not authorized under the Wrongful Death Act, the Survival Statute, or common law. *Id.* at 398.

Appellant contends the summary judgment must be reversed because he did not seek recovery for the lost chance of survival. Regardless of whether appellant did not specifically plead a lost chance of survival cause of action, he cannot show proximate cause unless he presents more than a scintilla of evidence that Ms. Hodgkins had a greater than fifty percent chance of survival had the malpractice not occurred. *See id.* at 407. Appellees contend appellant failed to produce evidence that Ms. Hodgkins's chance for survival at the time of the alleged malpractice was fifty-one percent or higher. Appellant contends the affidavits of Dr. Dollinger and Dr. Mainzer were sufficient to raise fact issues on the lost chance of survival claim. Dr. Mainzer stated that the CT scans of November 5, 1998 demonstrated a definite area of abnormality in the left brain, which was readily discernable as a metastatic tumor on November 5, 1998. In his affidavit, Dr. Dollinger stated that at the time of the CT scans on November 5, 1998, Ms. Hodgkins had a fifty-one percent or greater chance of not dying of brain cancer had treatment been given at that time, or shortly thereafter.

▮▮▮ Appellees further contend Dr. Dollinger's affidavit is conclusory; therefore, it is not proper summary judgment proof. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.-Houston [1st Dist.] 1997, no writ). Conclusory statements in affidavits are not proper as summary judgment proof if there are no facts to support the conclusions. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex.1996). An expert's affidavit must demonstrate the qualification of the affiant

to state his or her conclusion and some basis upon which the conclusion is reached. *Murillo v. Garza*, 904 S.W.2d 688, 692 (Tex.App.-San Antonio 1995, writ denied). An objection that an affidavit is conclusory is an objection to the substance of the affidavit and may be raised for the first time on appeal. *City of Wilmer v. Laidlaw Waste Sys., Inc.*, 890 S.W.2d 459, 467 (Tex.App.-Dallas 1994), *aff'd*, 904 S.W.2d 656, 660–61 (Tex.1995).

In his affidavit, Dr. Dollinger recited the following facts:

- His medical qualifications
- Hodgkins's medical records, including the November 5, 1998 CT scans and her death certificate
- Hodgkins's medical history prior to the lung cancer diagnosis
- Hodgkins received appropriate treatment for lung cancer including chemotherapy and radiation
- Hodgkins's development of disorientation, confusion, and irrational behavior in June 1999
- A CT scan in 1999 revealed two lesions, one of which was present on the CT scan in November 1998
- The cause of Hodgkins's death was respiratory arrest due to, or as a likely consequence of, metastatic brain cancer
- A seven to eight month delay in treatment of Hodgkins's brain cancer

Dr. Dollinger did not refer to any recognized studies or otherwise explain the basis for his chance of survival opinion. He did not refer to any scientific journals or texts, which might provide some basis for his conclusion. Further, Dr. Dollinger failed to state what treatment Ms. Hodgkins would have received had her cancer been promptly diagnosed and what the rate of success is with that treatment. Because Dr. Dollinger failed to state facts or studies to support his conclusion that

Ms. Hodgkins would have survived with prompt treatment, his affidavit lacks foundation and is conclusory. *See Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984) (holding conclusory statements submitted in an affidavit will neither support nor defeat a motion for summary judgment). Appellant did not produce any other evidence to establish a causal connection between the negligent act and the injury based on reasonable medical probability. Therefore, summary judgment is proper on appellant's cause of action under the Wrongful Death Act. Appellant's first issue is overruled.

 In his second issue, appellant asserts in the alternative that summary judgment should be reversed because appellees failed to conclusively establish all elements of their affirmative defense. Appellant contends the lost chance of survival is an affirmative defense. An affirmative defense is a matter asserted by a party, which, assuming the complaint to be true, constitutes a defense to it. *RRR Farms, Ltd. v. American Horse Protection Ass'n, Inc.*, 957 S.W.2d 121, 129 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (citing Black's Law Dictionary). Because a no-evidence motion for summary judgment cannot be based on an affirmative defense, appellant argues the summary judgment must be reversed. *See* Tex.R. Civ. P. 166a(i).

 In *Kramer*, the supreme court held that Texas does not recognize a common law cause of action for lost chance of survival in a medical malpractice case. *Kramer*, 858 S.W.2d at 407. The lost chance of survival doctrine is a bar to recovery due to lack of causation, not an affirmative defense. *See Park Place*

*Hosp. v. Milo*, 909 S.W.2d 508, 511 (Tex. 1995); *Bradley v. Rogers*, 879 S.W.2d 947, 953–57 (Tex.App.-Houston [14th Dist.] 1994, writ denied). Because lost chance of survival is not an affirmative defense, we overrule appellant's second issue.

 In his third issue, appellant contends the summary judgment should be reversed to allow him to pursue a cause of action under the Survival Statute. In *Parrott v. Caskey*, the Beaumont Court of Appeals held that, although Mrs. Parrott's heirs could not, under *Kramer*, recover under the Wrongful Death Statute, a cause of action survived her death for injuries suffered from the time the illness should have been diagnosed to the time it was actually diagnosed. 873 S.W.2d 142, 150 (Tex.App.-Beaumont 1994, no writ). With regard to any recovery under *Parrott*, Dr. Dollinger's averments are conclusory because he failed to state facts that would support a cause of action. Dr. Dollinger failed to state what injury, if any, Ms. Hodgkins suffered from the date the cancer should have been diagnosed to the date it was actually diagnosed and how that injury was qualitatively different from the injury resulting from the lung cancer. Appellant's third issue is overruled.[3]

Accordingly, the judgment of the trial court is affirmed.

---

3. Because we have found summary judgment is proper on the ground appellant failed to present competent evidence of causation, we need not address the statute of limitations ground. *See Carr v. Brasher*, 776 S.W.2d 567,

569 (Tex.1989) (when an order granting summary judgment does not specify the ground on which it is granted, judgment will be affirmed on appeal if any of the grounds raised in the motion are meritorious).