COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MARTHA GRAY, ROSE MARIE SALVATO, ) 
and EDMUND HIGGINBOTHAM,               )
EXECUTOR OF THE ESTATE OF                   )
MARY ANN HIGGINBOTHAM,                      )                  No. 08-05-00033-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  193rd District Court
)
WOODVILLE HEALTH CARE CENTER        )                  of Dallas County, Texas
D/B/A WOODVILLE CONVALESCENT         ) 
CENTER D/B/A CANTEX HEALTH                )                  (TC# 02-02990-L)
CARE CENTERS D/B/A DENISON                 )
HEALTHCARE CENTER, LTD. CO., and        )
KERRY EVANS, M.D.,                                      )
)
                                    Appellees.                        )

O P I N I O N

            Martha Gray, Rose Marie Salvato, and Edmund Higginbotham, Executor of the Estate of
Mary Ann Higginbotham appeal from summary judgments granted in favor of Dr. Kerry Evans and
Woodville Healthcare Center. At issue is whether Appellants presented evidence of causation to
support their negligence claims. Because they did not, we affirm. 
FACTUAL SUMMARY
            Brayton Gray was eighty years old when he entered the Woodville nursing home on
December 27, 1999. He was recovering from surgery due to a right hip fracture sustained ten days
earlier. At the time of his admission, Gray had undergone angioplasty, was suffering from
Parkinson’s disease, and was considered anorexic. During his stay at Woodville, Gray developed
two infections. The first was an upper respiratory infection which was treated with antibiotics. The
second was a urinary tract infection which required hospitalization on January 23, 2000. 
            On January 26, 2000, Gray’s condition worsened and he became non-responsive. Dr. Evans
noted that he spoke with Gray’s family regarding his condition and recommended Gray be placed
under hospice care. The family agreed. Gray was transferred back to Woodville with Dr. Evans’
diagnosis being end stage Parkinson’s disease and malnutrition. Dr. Evans discontinued all of
Gray’s medications except for Dulcolax for constipation, Tylenol for fever or pain, and Thorazine
for any anxiety. Dr. Evans also ordered a diet of thickened liquids if requested. Gray died the next
day.
            Appellants are Gray’s daughters--Martha Gray, Rose Marie Salvato, and Edmund
Higginbotham as Executor of the Estate of Mary Ann Higginbotham. They filed a wrongful death
suit alleging medical malpractice, gross negligence, and negligence per se. Dr. Evans and Woodville
filed motions for summary judgment on both traditional and no-evidence grounds. They contended
Appellants had failed to present any evidence of causation or breach of the standard of care. The
trial court granted Dr. Evans’ no-evidence motion and Woodville’s traditional and no-evidence
motions.
DEPRIVATION OF CONSTITUTIONAL RIGHTS
            In their first issue, Appellants claim Appellees violated Gray’s Fourteenth Amendment rights
to life, liberty, and property by depriving him of the right to make his own healthcare decisions 
necessary to sustain life. The Fourteenth Amendment mandates that no State shall “deprive any
person of life, liberty, or property without due process of law.” Cruzan v. Director, Missouri Dept.
of Health, 497 U.S. 261, 278, 110 S.Ct. 2841, 2851, 111 L.Ed.2d 224 (1990). It is inapplicable here
because there has been no state action. Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92
L.Ed. 1161 (1948). Appellants produced no evidence that the actions of Dr. Evans and Woodville
relate to “state action.” Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172-73, 92 S.Ct. 1965, 1973,
32 L.Ed.2d 627 (1972); Black v. Jackson, 82 S.W.3d 44, 54 (Tex.App.--Tyler 2002, no pet.)(a
litigant who alleges a constitutional violation by a private citizen must also allege facts showing that
the conduct of the private citizen can in some way be ascribed to an act or decision by the state). 
            In support of their argument, Appellants rely on Cruzan for the proposition that the Due
Process Clause protects an interest in life as well as an interest in refusing life-sustaining medical
treatment. Cruzan, 497 U.S. at 278. There, the Supreme Court considered the issue of whether a
woman in an unconscious vegetative state had a constitutional right to demand that the hospital
remove life-sustaining treatment. Id. at 269. The patient’s parents sought a court order to terminate
their daughter’s artificial nutrition when the hospital refused to do so. State action was implicated
because the cost of hospitalization was being provided by the State of Missouri. Id. at 266-69. 
Because Appellants have not produced evidence of state action, Cruzan is inapplicable. 
Consequently, Appellants lack standing to pursue the constitutional claims.
            They lack standing for a second reason. The rights protected under the Fourteenth
Amendment are personal rights. Shelley, 334 U.S. at 22. But Appellants filed suit solely under the
Wrongful Death Act, not the Texas Survivor Statute. The purpose of the Wrongful Death Act is to
provide a means whereby surviving spouses, children, and parents can personally recover for their
loss of a family member. Cooper Tire & Rubber Co. v. Mendez, 155 S.W.3d 382, 415 (Tex.App.--El
Paso 2004, pet. granted), citing Garza v. Maverick Market, Inc., 768 S.W.2d 273, 275 (Tex. 1989);
See Tex.Civ.Prac.&Rem.Code Ann. § 71.004(a)(Vernon 1997). It does not provide a recovery for
Gray’s injuries. Because Appellants lack standing to argue that Gray’s constitutional rights were
violated, we overrule Issue One.
DID APPELLANTS PRODUCE EVIDENCE OF CAUSATION?
            We next address the fourth and fifth issues for review. The bases of the motions for
summary judgment addressed Appellants’ failure to produce evidence of proximate cause and breach
of the standard of care. Appellants responded that they presented sufficient evidence to raise a
genuine issue of material fact on the contested elements of their claims. 
Standard of Review
            A no-evidence motion for summary judgment is essentially a pretrial directed verdict and we
apply the same legal sufficiency standard of review. King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
750 (Tex. 2003). The party moving for a no-evidence summary judgment must specifically state the
elements as to which there is no evidence. Aguilar v. Morales, 162 S.W.3d 825, 834 (Tex.App.--El
Paso 2005, pet. denied); See Tex.R.Civ.P. 166a(I). The burden then shifts to the non-movant to
produce summary judgment evidence raising a genuine issue of material fact regarding each element
challenged in the motion. Aguilar, 162 S.W.3d at 834. We view the evidence in the light most
favorable to the non-movant and we must disregard all contrary evidence and inferences. King
Ranch, 118 S.W.3d at 750. A genuine issue of material fact is raised if the non-movant produces
more than a scintilla of evidence regarding the challenged element. Id. at 751. Less than a scintilla
of evidence exists if the evidence is so weak as to create no more than a mere surmise or suspicion,
however, when the evidence rises to a level that enables reasonable minds to differ in their
conclusions then more than a scintilla of evidence exists. Id. In a case such as this one where the
trial court’s judgment does not specify the ground or grounds relied upon for its ruling, the summary
judgment must be affirmed if any of the theories advanced is meritorious. Aguilar, 162 S.W.3d at
834, citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).
Proximate Cause
            As we have noted, this lawsuit alleged medical malpractice, gross negligence, and negligence
per se. Proximate cause is an element for each of these causes of action. Hodgkins v. Bryan, 99
S.W.3d 669, 673 (Tex.App.--Houston [14th Dist.] 2003, no pet.), citing Duff v. Yelin, 751 S.W.2d
175, 176 (Tex. 1988)(a plaintiff may establish a medical malpractice claim if the plaintiff proves the
physician breached the standard of care and that the breach was the proximate cause of the patient’s
injuries); First Assembly of God, Inc. v. Texas Utilities Elec. Co., 52 S.W.3d 482, 494 (Tex.App.--Dallas 2001, no pet.)(gross negligence requires a showing of proximate cause); Reinicke v.
Aeroground, Inc., 167 S.W.3d 385, 389 (Tex.App.--Houston [14th Dist.] 2005, pet. denied), citing
Missouri Pac. R.R. Co. v. American Statesman, 552 S.W.2d 99, 103 (Tex. 1977)(negligence per se
requires a showing of proximate cause). To establish proximate cause, a plaintiff must prove
foreseeability and cause-in-fact. IHS Cedars Treatment Center of DeSoto Texas, Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004); Cruz ex rel. Cruz v. Paso Del Norte Health Foundation, 44 S.W.3d
622, 630 (Tex.App.--El Paso 2001, pet. denied). Regarding cause-in-fact, a plaintiff must be able
to establish a causal connection based upon “reasonable medical probability,” not mere conjecture,
speculation, or possibility. Cruz, 44 S.W.3d at 630.
Expert Testimony Required
            Appellants suggest the issue of causation can be determined by a jury without expert
testimony because causation is within their common knowledge. In support of their argument, they
rely upon St. Paul Medical Center v. Cecil, 842 S.W.2d 808 (Tex.App.--Dallas 1992, no pet.). 
There, the court concluded that the standard of routine nursing care in a hospital need not be
established by expert testimony. Id. at 812. It did not hold that causation may be established without
expert testimony.
            Appellants also rely, in essence, upon the doctrine of res ipsa loquitur, an evidentiary rule
which allows negligence to be inferred because the circumstances surrounding the injury are
sufficient to support such a finding. Hector v. Christus Health Gulf Coast, 175 S.W.3d 832, 837
(Tex.App.--Houston [14th Dist.] 2005, pet. denied), citing Haddock v. Arnspiger, 793 S.W.2d 948,
950 (Tex. 1990). The doctrine generally applies when the character of the injury is such that it
would not ordinarily occur in the absence of negligence, and the instrumentality causing the injury
is shown to have been under the management and control of the defendant. Haddock, 793 S.W.2d
at 950. It has limited application in the context of medical malpractice. It is applicable where the 
nature of the negligence and the resulting injuries are plainly within the common knowledge of
laymen. Id. at 951; Linan v. Rosales, 155 S.W.3d 298, 302-03 (Tex.App.--El Paso 2004, pet.
denied). Examples include negligence in the use of mechanical instruments, operating on the wrong
portion of the body, or leaving surgical instruments or sponges within the body. Haddock, 793
S.W.2d at 951. Application is also limited to cases filed before the effective date of the Medical
Liability and Insurance Improvement Act of Texas. Id. at 950. Where, as here, res ipsa loquitur
does not apply, a plaintiff must present expert testimony to establish causation. Linan, 155 S.W.3d
at 302. 
 

Evidence Pertaining to Dr. Evans
            We turn now to the evidence produced to establish causation. Appellants tendered the
affidavit and deposition of Dr. Eichelberger, the deposition of Judith Anders, R.N., and the
deposition of Ann Robbins, R.N.
Affidavit of Dr. Eichelberger
            In his affidavit, Dr. Eichelberger described his qualifications and experience, provided a list
of medical documents he reviewed, identified the standard of care necessary to treat a patient
suffering from Parkinson’s disease and recovering from a fractured hip, and itemized the
circumstances surrounding the breaches of the standards of care. Regarding the issue of proximate
cause, Dr. Eichelberger stated: 
The medical care and treatments accorded by Brayton E. Gray, by both Dr. Kerry
Evans, as the treating physician, and the Woodville Convalescent Center, and its
employees, during his stay as a resident, listed above, clearly fell below the standard
of care required for a patient suffering from Parkinson’s disease and a recent hip
pinning, were the causation of the death of Brayton E. Gray. The lack of treatment,
and failure to provide a safe environment, whereby, he was exposed to infection and
sustained two nosocomial infections, also resulted in a fatal condition. 

. . .
 
It is my professional opinion based on my education and experience that Brayton
Gray’s death was caused by the refusal to administer any medications other than pain
medication and withdrawal of nutrition without a valid Medical Power of Attorney
or any indication of the Brayton Gray’s wishes and desires concerning the withdrawal
of medication or nutrition, contributed to Brayton Gray’s Death on the date in
question. Furthermore, Said actions would demonstrate an extreme risk to the patient
Brayton Gray as is evidenced by his sudden death on January 27, 2000. Said actions
would also indicate that Movant proceeded with a conscious indifference to the
rights, safety or welfare of his patient Brayton Gray.

            Dr. Evans contends the affidavit is conclusory. We agree. A conclusory statement in an
expert affidavit is insufficient to raise a question of fact. IHS Cedars Treatment Center of DeSoto,
Texas, Inc. v. Mason, 143 S.W.3d 794, 803 (Tex. 2004), citing McIntyre v. Ramirez, 109 S.W.3d
741, 749-50 (Tex. 2003). In IHS, the plaintiff’s expert opined that the negligence of the defendant
caused the plaintiff’s injuries. Id. The Texas Supreme Court determined the testimony was
insufficient to establish a causal nexus between the duty, breach, and injuries suffered by the
plaintiff. Id. According to the court, the medical opinion was conclusory because the expert failed
to provide an explanation of how the defendant’s conduct was the cause in fact of the plaintiff’s
injuries. Id. 
            Similarly, Dr. Eichelberger’s affidavit is conclusory because there is no explanation as to how
Appellees caused Gray’s death. The affidavit offers opinions as to breach of duty, but does not
explain how the breaches caused Gray’s death. Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex.
1999)(expert must explain the basis of his statements to link his conclusions to the facts). The
affidavit is insufficient to raise a genuine issue of material fact as to causation.
Deposition of Dr. Eichelberger
            Next, Appellants argue that Dr. Eichelberger offered evidence of proximate cause in his
deposition because he testified that Parkinson’s disease would be exacerbated by discontinuing the
administration of Sinemet. Sinemet is a drug used to treat the symptoms of Parkinson’s disease. 
Dr. Eichelberger testified: 
Q: The drug Sinemet?
 
A: Oh.
 
Q: Is that a life-sustaining drug?
 
A: That’s used for his Parkinsonism, and depending on the time frame -- and this is
what I was trying to find out, when Dr. Evans discontinued all the medication -- there
is the possibility that he could certainly have some difficulty as far as his
exacerbation of his Parkinsonism by discontinuing the medication.
            An expert’s opinion based on speculation is no evidence of causation. State Office of Risk
Management v. Escalante, 162 S.W.3d 619, 625 (Tex.App.--El Paso 2005, pet. dism.), citing
Schaefer v. Texas Employers’ Ins. Ass’n, 612 S.W.2d 199, 202-05 (Tex. 1980)(an expert’s testimony
based on assumptions, possibility, speculation, and surmise constituted no evidence of causation).
Dr. Eichelberger’s testimony is based on the possibility that Gray may have experienced some
“difficulty” when the medication was discontinued, but his speculation amounts to no evidence that
it actually caused Gray’s death.
Deposition of Judith Anders, R.N.
            Anders testified Gray was administered an antibiotic that was sensitive to the microorganism
infection and that she had never known a doctor to withdraw hydration when a patient was
improving with intravenous fluids. She also testified that some physicians in a hospice setting do
not encourage hydration so that the brain will go into a more euphoric mode such that death comes
easier. These opinions are conclusory because there is no causal nexus between the lack of hydration
and Gray’s death. IHS, 143 S.W.3d at 803. The record does not indicate Gray’s death resulted from
dehydration. Dr. Evans’ physician notes and discharge summary indicate that death was due to
cardiac failure and malnutrition related to end stage Parkinson’s disease.
Deposition of Ann Robbins, R.N.
            Appellants next contend the testimony of Ann Robbins addressed proximate cause because
she testified that without water “you would die.” This statement does not provide a causal link
between Gray’s death and Dr. Evans conduct and is conclusory. IHS, 143 S.W.3d at 803. More
importantly, Robbins specifically testified that she would not offer an opinion as to the cause of
death.
Evidence Pertaining to Woodville
            Appellants also maintain that these same witnesses provided evidence of proximate cause
as to Woodville’s breach of the standard of care. They argue that Woodville caused Gray’s death
by “failing to provide medical and nursing care according to the standard of care required.” Yet they
fail to articulate what specific facts presented by the witnesses established causation. In our review
of the record, we find no evidence of causation. We overrule Issues Four and Five.
REMAINING ISSUES
            Because Appellants did not raise a genuine issue of material fact on causation, we will briefly
address the remaining issues. In Issue Two, Appellants contend the trial court erred in granting 
summary judgment because negligence per se is applicable. Even if we were to assume that it
applies, Appellants still did not provide evidence of causation. Reinicke, 167 S.W.3d at 389, citing
Missouri Pac. R.R. Co. v. American Statesman, 552 S.W.2d 99, 103 (Tex. 1977)(negligence per se
requires a showing of proximate cause). In Issue Three, Appellants challenge the exclusion of Ann
Robbins’ testimony, but it would not have sufficed even had it been admitted. She testified she was
not providing an opinion on causation.
            Appellants also allege that the motions for summary judgment were legally and factually
insufficient. This issue has not been properly briefed and has been waived. Ratsavong v. Menevilay,
176 S.W.3d 661, 666 (Tex.App.--El Paso 2005, pet. denied)(failure to cite authority in support of
contention constitutes waiver of issue on appeal). Finally, Appellants argue in their reply brief that
the motions for summary judgment were untimely filed. This issue has not been preserved for
review because the issue was not raised in their original brief. Howell v. Texas Workers’
Compensation Com’n, 143 S.W.3d 416, 439 (Tex.App.--Austin 2004, pet. denied)(the rules of
appellate procedure do not allow an appellant to include in a reply brief a new issue not raised by
appellant’s original brief). We overrule all issues for review and affirm the judgment of the trial
court.

August 3, 2006                                                            
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.