Affirmed in Part and Reversed and Remanded in Part, and Majority and
Dissenting Opinions filed January 22, 2008








Affirmed in
Part and Reversed and Remanded in Part, and Majority and Dissenting Opinions
filed January 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00828-CV

NO. 14-06-00197-CV

____________

 

CARMELITA ESCALANTE, M. D., E.
EDMUND KIM, M. D., EDGARDO RIVERA, M. D., AND FRANKLIN C. WONG, M. D.,
Appellants

 

V.

 

DONITA ROWAN AND JAMES NIESE,
Appellees

 

______________

 

DONITA ROWAN AND JAMES NIESE, Appellants

 

V.

 

CARMELITA ESCALANTE, M. D., E.
EDMUND KIM, M. D., EDGARDO RIVERA, M. D., AND FRANKLIN C. WONG, M. D., Appellees

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 04-64492

 



 

M A J O R I T Y   O P I N I O N








This is a consolidated appeal.  In cause number
14-05-00828-CV, appellants, Carmelita Escalante, M. D., E. Edmund Kim, M. D.,
Edgardo Rivera, M. D., and Franklin C. Wong, M. D. (the Adoctors@), filed an
interlocutory appeal from the trial court=s denial of their
motion to dismiss appellees Donita Rowan and James Niese=s[1]
medical malpractice lawsuit against them. In cause number 14-06-00197-CV, Rowan
and Niese appeal the trial court=s granting of the
doctors= motion for final
summary judgment.  We affirm the denial of the motion to dismiss and we reverse
the summary judgment. 

Factual and Procedural Background

In the fall of 2000, Rowan was diagnosed with Stage II
metastatic breast cancer.  At the time of Rowan=s initial
diagnosis, Rowan=s breast cancer was regionally metastasized
to her lymph nodes.  Prior to seeking treatment at the University of Texas M.
D. Anderson Cancer Center (AM. D. Anderson@), Rowan received
treatment for her initial diagnosis of breast cancer, including surgery,
chemotherapy, and radiation, at other medical facilities in Houston. 

The defendant doctors are all employed by M. D. Anderson. 
In November 2001, Rowan became a patient of Dr. Rivera.  In December 2001, she
became a patient of Dr. Escalante.  In September 2002, Dr. Kim interpreted a
whole body bone scan of Rowan and in May of 2003, Dr. Wong interpreted a second
whole body bone scan.  Both Dr. Kim and Dr. Wong concluded there was no active
bony metastasis present.  In the late summer of 2003, the recurrence of Rowan=s cancer was
diagnosed, this time in her liver.  According to Dr. Rivera, patients who
experience metastatic cancer with transfer to the liver or another visceral
organ have a five-year survival rate of fifteen to twenty percent at the time
of diagnosis and the disease is considered to be incurable with a median
survival of two years.








In November 2004, Rowan and Niese filed suit against the
doctors alleging the doctors were negligent as a result of their delay in
diagnosing the recurrence of Rowan=s cancer.  In May
2005, the doctors filed a motion to dismiss Rowan and Niese=s lawsuit pursuant
to section 101.106(f) of the Texas Civil Practice and Remedies Code.[2] 
The trial court denied the doctors= motion.  On
August 4, 2005, the doctors appealed the trial court=s denial of their
motion to dismiss pursuant to section 51.014(a)(5) of the Texas Civil Practice
and Remedies Code.[3]








On October 17, 2005, the doctors filed a motion for summary
judgment claiming that Rowan and Niese=s causes of action
were barred as a matter of law because Texas does not recognize the
loss-of-chance doctrine.  On November 7, 2005, Rowan and Niese filed their
summary judgment response with attached evidence as well as an amended
petition.  The trial court conducted an oral hearing on the doctors= motion for
summary judgment on November 14, 2005.  Rowan and Niese both appeared at the
hearing.  Neither Rowan nor Niese objected to the summary judgment hearing on
the basis of the stay in place as a result of the doctors= interlocutory
appeal of the trial court=s earlier denial of their motion to
dismiss.[4] 
The trial court granted the doctors= motion for
summary judgment on November 18, 2005.  Rowan and Niese filed a motion for
reconsideration of the summary judgment/motion for new trial (Amotion for new
trial@) in which they
raised, for the first time, the issue of the stay in place as a result of the
doctors= interlocutory
appeal.  The trial court denied Rowan and Niese=s motion for new
trial and this appeal followed.[5]

Discussion

In their appeal from the trial court=s final summary
judgment, Rowan and Niese raise three issues.  In their first issue, Rowan and
Niese contend the trial court=s summary judgment is void because it was
entered in violation of the stay in place as a result of the doctors= interlocutory
appeal of the trial court=s denial of their motion to dismiss.  In
their second issue, Rowan and Niese assert the trial court erred in granting
the doctors= motion for summary judgment as it was not addressed
to their causes of action.

I.        The
Trial Court=s Summary Judgment is Not Void

A.      The
Standard of Review








In their first issue, Rowan and Niese assert the trial
court=s summary judgment
was issued in violation of the statutory stay created by section 51.014(b) of
the Texas Civil Practices and Remedies Code and is therefore void.  It is well
settled in Texas that statutory interpretation presents a question of law
subject to de novo review.  Mitchell Energy Corp. v. Ashworth, 943
S.W.2d 436, 437 (Tex. 1997). A trial court has no discretion when evaluating a
question of law.  See Huie v. DeShazo, 922 S.W.2d 920, 927 (Tex. 1996); Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). 

B.      Section
51.014(b) Creates a Mandatory Stay

In their response to Rowan and Niese=s first issue, the
doctors appear to argue that there was no stay imposed on the trial court=s proceedings when
the doctors filed their interlocutory appeal.  We disagree, as the clear
language of the statute imposes an automatic stay on all proceedings in the
trial court as soon as an interlocutory appeal is filed.  Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(b); Watts v. Rodriguez, 185
S.W.3d 931, 932 (Tex. App.CAustin 2006, no pet.) (per curiam).

C.      The Trial
Court Had Jurisdiction and Thus The Summary Judgment is Not Void

As we have determined there was an automatic stay in place
once the doctors filed their interlocutory appeal, we now must decide if a
summary judgment granted while that stay was in place is void.  In this appeal,
Rowan and Niese do not argue that the trial court=s summary judgment
is voidable.  Instead, they very specifically argue only that, because the
trial court acted while the  interlocutory appeal stay was in place, the trial
court=s summary judgment
is void.








Errors, other than a lack of jurisdiction, such as a court=s action contrary
to a statute or statutory equivalent, merely render the judgment voidable so
that it may be corrected through the ordinary appellate process or other proper
procedures.  Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003).  There was
no contention in the trial court or in this appeal that the trial court did not
have jurisdiction, and we conclude that the section 51.014(b) stay does not
deprive the trial court of jurisdiction.  Therefore, the trial court=s summary judgment
is not void.

II.       Rowan
and Niese Did Not Preserve Error as to Any Complaint that the Summary Judgment
is Voidable Because of the Stay

Even if Rowan and Niese=s first issue
could be construed as arguing the trial court=s summary judgment
is voidable because it was entered in violation of the interlocutory stay, the
result is the same because Rowan and Niese did not preserve error as to this
complaint.








An interlocutory appeal of the denial of a motion to
dismiss a lawsuit based on the assertion of immunity stays all proceedings in
the trial court pending resolution of the appeal.  Tex. Civ. Prac. & Rem.
Code Ann. ' 51.014(a)(5) & (b).  However, the failure to
object based on this stay waives any error that the trial court may have
committed by failing to stay the proceedings during the pendency of the
interlocutory appeal.  Henry v. Flintrock Feedstocks, Ltd., No.
07-04-0224-CV, 2005 WL 1320121, at *1 (Tex. App.CAmarillo June 1,
2005, no pet.) (mem. op.)(holding a procedural error must be preserved by
timely action of the party bringing the error to the trial court=s attention)).[6] 
A summary judgment is a trial within the meaning of section 51.014(b) of the
Texas Civil Practice and Remedies Code.  Lee-Hickman=s Investments v.
Alpha Invesco Corp., 139 S.W.3d 698, 701 (Tex. App.CCorpus Christi
2004,  no pet.).  Here, Rowan and Niese did not object to the trial court
hearing the doctors= motion for summary judgment.  In
addition, Rowan and Niese filed amended discovery responses, a summary judgment
response, and an amended petition prior to the hearing on the doctors= motion.  We hold
Rowan and Niese waived their complaint concerning the interlocutory stay and
removed any bar to the trial court hearing and ruling on the doctors= motion for
summary judgment.

Because we have determined the trial court=s summary judgment
is not void, and that Rowan and Niese failed to preserve error as to any
objection that the summary judgment is voidable based on the stay, we overrule
Rowan and Niese=s first issue. 

III.      The
Loss-of-Chance Doctrine

In their second issue, Rowan and Niese contend the trial
court erred in granting the doctors= motion for
summary judgment as the motion was not addressed to their causes of action.  We
agree.

A.      The
Standard of Review

The movant for a traditional summary judgment has the
burden to show there is no genuine issue of material fact and it is entitled to
judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985). In determining whether there is a genuine fact issue
precluding summary judgment, evidence favorable to the non-movant is taken as
true and the reviewing court makes all reasonable inferences and resolves all
doubts in the non-movant=s favor. Id. at 548B49. We review a
trial court=s summary judgment de novo. Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 

B.      Sole
Ground in Motion for Summary Judgment








In their second amended petition, Rowan and Niese alleged
medical malpractice causes of action against the doctors.  To recover on a
medical malpractice claim, a plaintiff must establish the following essential
elements: (1) a legally cognizable duty requiring the health care provider to
conform to a certain standard of care or conduct; (2) a breach of that
standard; (3) injury; and (4) a reasonably close causal connection between the
breach of the standard and the injury suffered by the plaintiff.  Dubose v.
Worker=s Medical, P. A., 117 S.W.3d 916,
919 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  In their motion
for summary judgment, the doctors asserted one ground - the plaintiffs are
effectively seeking to recover for an alleged loss of chance of survival, but
as a matter of law Texas does not allow such a recovery.  In Kramer, the
Texas Supreme Court held that Texas does not allow Arecovery for lost
chance of survival or cure in medical malpractice cases.@  Kramer v.
Lewisville Memorial Hosp., 858 S.W.2d 397, 398 (Tex. 1993).  

The Kramer
court stated:

The effect
of these [Texas] standards is to bar recovery where the defendant=s negligence deprived the tort victim of only a 50% or
less chance of avoiding the ultimate harm.  Hence, where preexisting illnesses
or injuries have made a patient=s chance of
avoiding the ultimate harm improbable even before the allegedly negligent
conduct occursBi.e., the patient would die or suffer impairment
anywayBthe application of these traditional causation
principles would totally bar recovery, even if such negligence has deprived the
patient of a chance of avoiding the harm.

Id. at 400 (citations omitted).  In Kramer,
the harm for which the plaintiffs sought to recover damages was the
decedent=s Alost chance of survival.@  Id. at 403.  The plaintiffs
pleaded and requested jury instructions based on an alleged legal injury of
loss of chance of survival, and the Texas Supreme Court held that Texas does
not recognize loss of chance of survival as a legal injury.  Id. at
405-407.  

The
Texas Supreme Court did not hold, however, that once a person is diagnosed with
a terminal illness, they no longer enjoy the protections of Texas tort law as
to harms that they may suffer other than the ultimate harm, such as death and
loss of chance of survival.  The limitation on Kramer has been
recognized by this court and by the Court of Appeals in Beaumont.  See
Hodgkins v. Bryan, 99 S.W.3d 669, 675 (Tex. App.BHouston [14th Dist.] 2003, no pet.); Parrott
v. Caskey, 873 S.W.2d 142, 150 (Tex. App.BBeaumont 1994, no writ). 








Although
this court recognized the limitation on Kramer in the Hodgkins decision,
this court affirmed the trial court=s summary judgment because the
plaintiffs in Hodgkins did not allege any pre-death injuries other than
a loss of chance of survival.  Hodgkins, 99 S.W.3d at 675.  This case is
distinguishable from Hodgkins, since Rowan and Niese alleged pre-death
injuries other than loss of chance of survival.  In her petition, Rowan alleged
that the defendants negligently failed to diagnose her recurrence of cancer in
September 2002 and May 2003 and that this negligence caused Rowan to undergo
medical procedures and pay medical expenses that would have been unnecessary if
defendants had not negligently failed to diagnose the recurrence of her
cancer.  Specifically, Rowan has sued for her enduring Aotherwise unnecessary and additional
medical procedures, otherwise unnecessary and additional medical expenses, loss
of job and associated benefits... physical pain and suffering, loss of
consortium, mental anguish, emotional stress... and loss of enjoyment of life.@  Her husband sued to recover for Aloss of consortium, mental anguish,
[and] pecuniary loss@ during his wife=s life, not as a result of her death
or her lost chance of survival.   Recovery for these damages is not prevented
by Texas=s bar of recovery for lost chance of
survival, which was the only ground asserted in defendants= motion. 

The
doctors= five-page traditional motion for
summary judgment states as its sole ground that Ait is clear that Plaintiffs= cause of action against these
Doctors arises out of what Plaintiffs perceive to be a delay in diagnosis of
cancer recurrence which allegedly cost Donita Rowan a lost chance of cure or
survival... Plaintiffs are precluded from recovery because Texas does not
permit lawsuits on a >loss of chance= doctrine.@  This ground is based on a false
premise because plaintiffs are not effectively seeking recovery for an alleged
loss of chance of cure or survival.  Accordingly, the trial court erred in
granting summary judgment.  We sustain Rowan and Neise=s second issue.

IV.  Motion to Dismiss

A. 
Jurisdiction       

The defendant doctors
filed a motion to dismiss pursuant to Section 101.106(f), which can 








provide a governmental
employee with personal immunity if a lawsuit is filed against a governmental
employee based on conduct within the general scope of the employee=s employment.  Tex. Civ. Prac. &
Rem. Code ' 101.106(f).  After the trial court denied the motion to dismiss, the
doctors filed an interlocutory appeal.  Rowan and Niese complain that we lack
jurisdiction of this appeal.

This
court has held that we have jurisdiction to consider an interlocutory appeal
based on the trial court=s denial of a motion to dismiss pursuant to section
101.106(f).  See Phillips v. Dafonte, 187 S.W.3d 669, 672-74 (Tex. App.BHouston[14th Dist.] 2006, no pet.). 
In Phillips, this court held that section 101.106 is an immunity
statute, and therefore the doctors could appeal the denial of the motion to
dismiss under section 51.014(a)(5), which authorizes an appeal from an
interlocutory order of a trial court denying Aa motion for summary judgment that is
based on an assertion of immunity by an ... employee of the State or a
political subdivision of the State.@  Id. (citing Tex. Civ. Prac.
& Rem. Code ' 51.014(a)(5)).  This court reasoned that although we must 

strictly
construe statutes allegedly authorizing interlocutory appeals, and we may not
expand our jurisdiction beyond that conferred by the legislature... the
legislature did not intend to limit the application of section 51.014(a)(5) to
a specific procedural vehicle; rather, the legislature was most interested in
the substance or topic of the motion -i.e., that it declare the employee=s immunity because of his employment by the State and
that it attack the court=s jurisdiction to hear the case.

Id. at 674.  By alleging immunity as
employees of the State, the doctors in Phillips entitled themselves to
an interlocutory appeal, even though they may have used the Awrong@ procedural vehicle to raise the
immunity defense.  Id. at 675.  The same reasoning applies in the
present case to give this court jurisdiction over this appeal of the trial
court=s denial of the motion to dismiss.

B. 
Analysis

Section
101.106(f) provides:








If a suit is filed against an employee of a
governmental unit based on conduct within the general scope of that employee=s employment and if it could have been brought under
this chapter against the governmental unit, the suit is considered to be
against the employee in the employee=s
official capacity only.  On the employee=s
motion, the suit against the employee shall be dismissed unless the plaintiff
files amended pleadings dismissing the employee and naming the governmental
unit as defendant on or before the 30th day after the date the motion is filed.

Id.  Thus, to be entitled to dismissal under section 101.106(f), a
defendant must show that 1) the plaintiff=s suit was based on conduct within
the general scope of defendant=s employment with a governmental unit, and 2) the suit could
have been brought under the Texas Tort Claims Act against the governmental
unit.  Id.; Phillips, 187 S.W.3d at 675.  As to the second prong of
101.106(f), the Texas Tort Claims Act waives sovereign immunity in three areas:
(1) injury caused by an employee=s use of a motor-driven vehicle; (2)
injury caused by a condition or use of tangible personal or real property; and
(3) injury caused by a premise defect.  Tex. Civ. Prac. & Rem. Code Ann. '' 101.021-.022 (Vernon 2005); Hall,
232 S.W.3d at 928.  On appeal, the doctors assert Rowan and Niese=s injuries were caused by the use or
misuse of tangible personal property, and therefore plaintiffs= suit could have been brought against
M. D. Anderson under the Texas Tort Claims Act.  

The doctors had the burden to show
the trial court that the suit could have been brought under the Texas Tort
Claims Act against M. D. Anderson.  See Hall v. Provost, 232 S.W.3d 926,
929 (Tex. App.BDallas 2007, no pet. h.); Franka v. Velasquez, 216 S.W.3d 409, 413
(Tex. App.BSan Antonio 2006, no pet.); Phillips, 187 S.W.3d at 676-77. 
Because the doctors failed to present the trial court with a sufficient record
to satisfy their burden, they were not entitled to a dismissal on their
motion.  








The
status of the pleadings at the time of the ruling is relevant to our analysis. 
At the time the doctors filed their motion to dismiss, and when the trial court
ruled on it, Rowan and Niese=s live pleading was their original petition.[7] 
We note that in their brief on appeal, the doctors make arguments relying on
Rowan and Niese=s answers to interrogatories filed in August 2005; however,
we are unable to consider such answers because they were not filed until after
the trial court denied the motion to dismiss on July 19, 2005.[8]

In their
original petition, Rowan and Niese named four distinct defendants, the four
doctors in this case.  As to each doctor, Rowan and Niese alleged the following
acts or omissions constituted negligence:

a. 
failure to properly diagnose Rowan=s medical condition;

b. 
failure to properly treat Rowan=s medical condition;

c. 
failure to timely and appropriately recommend further diagnostic testing; and

d. 
failure to properly and timely recommend further treatment.

None of these alleged
acts or omissions obviously involve a condition or use of tangible property. 
The only reference in the original petition to what could arguably be a Ause of tangible personal property@ is plaintiffs= allegation that Aone or more of the defendants@ reviewed bone scans and
misinterpreted them.[9]  It is
impossible to tell from the original petition which of the defendant doctors
may have reviewed the bone scans.








The
doctors jointly filed a motion to dismiss seeking a dismissal of the suit as to
all four doctors for the same reasons.  There is no discussion in the motion
about how a suit against M. D. Anderson could have been brought under the Tort
Claims Act.  The motion simply contains the conclusory statement, Athis is a case which could have been
brought against the governmental unit, i.e., M. D. Anderson.@  In support of the motion to
dismiss, affidavits were filed by each doctor merely stating dates of
employment by M. D. Anderson Cancer Center.  The affidavits make no mention of
Rowan and Niese=s negligence allegations.  There was absolutely no showing
before the trial court, as to any particular defendant, that the claims against
that defendant could be brought against M. D. Anderson  under the Texas Tort
Claims Act.[10]  See
Hall, 232 S.W.3d at 928 (holding that general medical malpractice claims
are not encompassed by the Texas Tort Claims Act=s limited waiver of sovereign
immunity); see also Williams v. Nealon, 199 S.W.3d 462, 464 (Tex. App.BHouston[14th Dist.] 2006, no pet.); Phillips,
187 S.W.3d at 676.  

The
trial court did not err in denying the motion to dismiss.  Accordingly, we
overrule the defendant doctors= sole issue in the interlocutory appeal.

V.  Conclusion

We affirm the denial of the motion to dismiss in cause
number 14-05-00828-CV.  We reverse the summary judgment and remand the case to
the trial court in cause number 14-06-00197-CV.

 

 

/s/      Margaret Garner Mirabal

Senior Justice*

 

 

Judgment rendered
and Majority and Dissenting Opinions filed November 22, 2007.

Panel consists of
Justices Frost and Mirabal (J. Anderson, dissenting).









[1]  Donita Rowan and James Niese are husband and wife.
Rowan and Niese appeared pro se in the trial court; however, they retained
counsel for both appeals.





[2]  Section 101.106(f) provides:

 

(f)        If a suit is filed against an employee of a
governmental unit based on conduct within the general scope of that employee=s employment and if it could have been brought under
this chapter against the governmental unit, the suit is considered to be
against the employee in the employee=s
official capacity only.  On the employee=s
motion, the suit against the employee shall be dismissed unless the plaintiff
files amended pleadings dismissing the employee and naming the governmental
unit as defendant on or before the 30th day after the date the motion is filed.

 

Tex. Civ. Prac. & Rem. Code Ann. ' 101.106(f) (Vernon 2005). 





[3]  Section 51.014(a)(5) provides:

 

(a)        A person may appeal from an interlocutory
order of a district court, county court at law, or county court that:

 

* * *

(5)        denies a motion for summary judgment that
is based on an assertion of immunity by an individual who is an officer or
employee of the state or a political subdivision of the state[.]

 

Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(5) (Vernon Supp. 2006).





[4]  Section 51.014(b) provides:

 

(b)        An interlocutory appeal under Subsection
(a), other than an appeal under Subsection (a)(4), stays the commencement of a
trial in the trial court pending resolution of the appeal.  An interlocutory
appeal under Subsection (a)(3), (5), or (8) also stays all other proceedings in
the trial court pending resolution of that appeal.

 

Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(b).





[5]  Rowan and Niese raised the issue of the statutory
stay for the first time in their motion for new trial.  They do not raise any
issue contending the trial court erred in denying their motion for new trial.





[6]  While it is an unpublished opinion with no
precedential value, we have addressed this issue before in Siebenmorgan v. The Hertz Corp., No. 14-97-01012-CV, 1999 WL
21299, at *3 (Tex. App.CHouston [14th Dist.] 1999, no pet.)
(not designated for publication).  In Siebenmorgan we held that if a
plaintiff fails to inform the trial court of section 51.014(b) and allows the
court to proceed to trial, the plaintiff waives the right to object or request
any relief on appeal.  Siebenmorgan, 1999 WL 21299, at *3. 





[7]  After the trial court overruled the motion to
dismiss on July 19, 2005, plaintiffs filed an amended petition on November 7,
2005.  





[8]  After an appeal had been filed regarding the July
19, 2005 order, the doctors filed an amended motion to dismiss on September 26,
2005, but the trial court did not rule on it.  The subject of this appeal is
the July 19, 2005 order denying doctors=
motion to dismiss.





[9]  See Texas Tech Univ. Health Sciences Center v.
Lucero, 234 S.W.3d 158 (Tex. App.BEl
Paso, 2007, no pet.).





[10]  The trial court=s
order denying the doctors= motion to dismiss specifically states: AThe court finds there is no evidence that this action >could have been brought under ['101.106(f)] against [M. D. Anderson].=@





*  Senior Justice Margaret Garner Mirabal sitting by
assignment.