Affirmed in Part and Reversed and Remanded in Part, and Majority and
Dissenting Opinions filed January 22, 2008








 

Affirmed
in Part and Reversed and Remanded in Part, and Majority and Dissenting Opinions
filed January 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00828-CV

NO. 14-06-00197-CV

____________

 

CARMELITA ESCALANTE, M. D., E.
EDMUND KIM, M. D., EDGARDO RIVERA, M. D., AND FRANKLIN C. WONG, M. D.,
Appellants

 

V.

 

DONITA ROWAN AND JAMES NIESE,
Appellees

 

______________

 

DONITA ROWAN AND JAMES NIESE, Appellants

 

V.

 

CARMELITA ESCALANTE, M. D., E.
EDMUND KIM, M. D., EDGARDO RIVERA, M. D., AND FRANKLIN C. WONG, M. D., Appellees

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 04-64492

 



 

D I S S E N T I N G   O P I N I O N          

While I agree with most of the majority=s opinion, because
I disagree with the








majority=s ultimate
conclusion that the trial court erred when it granted the doctors= motion for
summary judgment, I respectfully dissent.

In their second and third issues, Rowan and Niese contend
the trial court erred in granting the doctors= motion for
summary judgment as the motion was not addressed to their causes of action. 
Because I believe the Loss of Chance Doctrine bars any recovery by Rowan and
Niese, I would overrule both issues and affirm the trial court=s summary
judgment.

In their second amended petition, Rowan and Niese alleged
medical malpractice causes of action against the doctors.  To recover on a
medical malpractice claim, a plaintiff must establish the following essential
elements: (1) a legally cognizable duty requiring the health care provider to
conform to a certain standard of care or conduct; (2) a breach of that
standard; (3) injury; and (4) a reasonably close causal connection between the
breach of the standard and the injury suffered by the plaintiff.  Dubose v.
Worker=s Medical, P. A., 117 S.W.3d 916,
919 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  In Kramer v.
Lewisville Memorial Hospital, 858 S.W.2d 397, 407 (Tex. 1993), the Texas
Supreme Court held that Texas does not recognize a common law cause of action
for lost chance of survival in a medical malpractice case.  In their motion for
summary judgment, the doctors attacked the causation element of Rowan and Niese=s medical
malpractice actions.  Specifically, the doctors argued Rowan and Niese=s causes of action
were barred because Texas does not recognize the loss of chance doctrine. 








In a medical malpractice case, plaintiffs are required to
show evidence of a reasonable medical probability that their injuries were proximately
caused by the negligence of one or more defendants.  Park Place Hosp. v.
Milo, 909 S.W.2d 508, 511 (Tex. 1995).  The ultimate standard of proof on
the causation issue is whether, by a preponderance of the evidence, the
negligent act or omission is shown to be a substantial factor in bringing about
the harm and without which the harm would not have occurred.  Kramer,
858 S.W.2d at 400.  The effect of this requirement is to bar recovery where the
defendant=s negligence deprived the plaintiff of only a fifty
percent or less chance of avoiding the ultimate harm.  Id.  A[W]here
pre-existing illnesses or injuries have made a patient=s chance of
avoiding the ultimate harm improbable even before the allegedly negligent
conduct occurs B i.e., the patient would die or
suffer impairment anywayB the application of these traditional
causation principles will totally bar recovery, even if such alleged negligence
deprived the patient of a chance of avoiding the harm.@  Id.
(emphasis added).  AThere is no liability for negligent
medical treatment >that decreases a patient=s chance of
avoiding death or other medical conditions in cases where the adverse result
probably would have occurred anyway.=@  Milo, 909
S.W.2d at 511 (quoting Kramer, 858 S.W.2d at 398).  The Texas Supreme
Court Ahas spoken with
great clarity on the loss of chance rule, leaving no room for disagreement:
recovery in a medical malpractice case cannot be had if, at the time of the
alleged negligence, the patient had a pre-existing condition from which the
chance of survival was [fifty] percent or less.@  Columbia Rio
Grande Regional Healthcare, L.P. v. Hawley, 188 S.W.3d 838, 863 (Tex. App.CCorpus Christi
2006, pet. granted).  The loss of chance doctrine is a bar to recovery due to a
lack of causation, and is not an affirmative defense.  Hodgkins v. Bryan,
99 S.W.3d 669, 675 (Tex. App.CHouston [14th Dist.] 2003, no pet.).

Because the summary judgment evidence submitted by the
doctors conclusively established that Rowan had metastatic cancer with a zero
percent chance of cure, a five year survival rate of fifteen to twenty percent
at the time of diagnosis, and a median survival of two years, I would hold the
trial court properly granted the doctors= motion for
summary judgment.[1] 









Rowan and Niese=s assertion that
they were not seeking damages for loss of chance should not change this
result.  Regardless of whether Rowan and Niese plead a cause of action for loss
of chance or, in some metaphysical sense,  affirmatively sought only limited
damages for degradation or diminishment of quality of life for the time period
between the alleged negligent acts or inactions and the time when the
recurrence of Rowan=s cancer was diagnosed, they cannot
establish proximate cause for any damages arising out of the doctors= alleged
negligence unless they can establish that Rowan had a greater than fifty
percent chance of survival had the malpractice not occurred.  Hodgkins,
99 S.W.3d at 674.  The uncontroverted summary judgment evidence established
that once Rowan=s cancer recurred, an event she does not
allege was caused by any acts or omissions of the doctors, she had a zero
percent chance of cure.  The exact type of damages sought by Rowan and Niese is
of no moment.  Rowan had a chance of survival of less than a fifty percent at
the time her cancer recurred.  Because Texas does not recognize a cause of
action for loss of chance,  their recovery is barred.

The majority, as well as Rowan and Niese, cite the Beaumont
Court of Appeals= opinion in Parrot v. Caskey, 873
S.W.2d 142, 151 (Tex. App.CBeaumont 1994, no writ), in support of
their contention  that Rowan and Niese=s claims are not
barred by the loss of chance doctrine.  In Parrot, a delay in diagnosis
case like the one at bar, the Beaumont Court of Appeals held that the
plaintiffs could recover personal injury damages suffered during the time
period between the alleged negligent failure to diagnose Parrot=s breast cancer
and the date that her disease was properly diagnosed.  Id.   As a
threshold matter,  Parrot does not represent binding authority on this
court.  However, after a principal, rule, or proposition of law has been
squarely decided by the Texas Supreme Court, that decision is accepted as
binding authority on lower courts.  Edwards v. Kaye, 9 S.W.3d 310, 313
(Tex. App.CHouston [14th Dist.] 1999, pet. denied).  I would
choose not to follow the Beaumont court=s opinion in Parrot,
a no writ case, because it is directly contrary to the clear holding
from the Texas Supreme Court that, when a pre-existing illness or injury has
made a patient=s chance of recovery fifty percent or less, meaning
the plaintiff would die or suffer impairment anyway, the application of
traditional causation principles totally bars recovery by that plaintiff, even
if the alleged negligence deprived the plaintiff of a chance of avoiding the
harm.  Kramer, 858 S.W.2d at 400.








In support of their decision to reverse the trial court=s summary
judgment, the majority also cites this court=s opinion in Hodgkins. 
The majority= reliance on Hodgkins is misplaced.  In Hodgkins
we affirmed the trial court=s granting of a summary judgment based on
the loss of chance doctrine even though the plaintiff argued, as Rowan and
Niese do here, that he was not seeking recovery for the lost chance of
survival.  Hodgkins, 99 S.W.3d at 674.  In rejecting the plaintiff=s argument, we
stated: A[r]egardless of
whether appellant did not specifically plead a lost chance of survival cause of
action, he cannot show proximate cause unless he presents more than a scintilla
of evidence that Ms. Hodgkins had a greater than fifty percent chance of
survival had the malpractice not occurred.@ Id.  Far
from recognizing a cause of action under Parrot, we distinguished Parrot
because the plaintiff in Hodgkins did not produce any evidence
establishing Awhat injury, if any, Ms. Hodgkins suffered from the
date the cancer should have been diagnosed to the date it was actually
diagnosed and how that injury was qualitatively different from the injury
resulting from the lung cancer.@  Id. at 675.  By resolving the
plaintiff=s issue on appeal on evidentiary grounds, we never
reached the substantive issue of whether such a limited cause of action was
possible.

Finally, because I would  affirm
the trial court=s granting of the doctors= motion for summary judgment, and
that would dispose of all issues in the lawsuit between Rowan and Niese on the
one hand and the doctors on the other, I would hold the doctors= interlocutory appeal is moot.

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Majority and Dissenting Opinions filed January 22, 2008.

Panel consists of
Justices Anderson, Frost, and Senior Justice Mirabal.*(J., Mirabal, majority.)









[1]  The trial court struck, as conclusory, both affidavits prepared by
Rowan and Niese=s medical doctor experts filed in
response to the doctors= motion for summary judgment. Rowan and Niese have not challenged this action by the
trial court in this appeal.





*  Senior Justice Margaret G. Mirabal sitting by
assignment.