P. J. HAGINAS ET UX, Petitioners

V.

MALBIS MEMORIAL FOUNDATION, Respondent

No. A-8713.   Decided February 28, 1962
354 S.W. 2d 368

*Ellis F. Morris,* Houston, for petitioners.

*Bracewell, Reynolds & Patterson,* Houston, *Robert I. Peoples,* Houston, with firm, for respondent.

MR. JUSTICE CLYDE E. SMITH delivered the opinion of the Court.

The question presented on this appeal is whether or not the County Court on an appeal from the Justice Court in a forcible entry and detainer suit has the authority and jurisdiction to render a judgment in excess of $1,000 for damages suffered for the withholding or defending possession of the premises during the pendency of the appeal from the Justice Court to the County Court.

On October 13, 1959, in the Justice Court of Harris County, Texas, a judgment of forcible entry and detainer and costs was awarded to the Malbis Memorial Foundation against P. J. Haginas and wife concerning the possession of real property. Haginas and wife perfected an appeal to the County Court at Law of Harris County, Texas, on October 16, 1959, by the timely filing of an appeal bond.

Haginas and wife filed no written pleas, either in the Justice Court or in the County Court at Law.

On May 12, 1960, Malbis Memorial filed its First Amended Original Petition in the County Court at Law alleging, for the first time, damages incurred by Malbis Memorial during the pendency of the appeal from the Justice Court. It was alleged that the damages for the wrongful withholding of possession of

the premises during appeal amounted to $5,880.00 and that the expense incident to the prosecution of the suit in the County Court was the sum of $1,500.00.

On May 26, 1960, judgment was entered by the County Court at Law awarding possession of the real property and a money judgment in favor of Malbis Memorial for the sum of $2,400.00 and costs.

The judgment of the Court reflects that the Court based its judgment, awarding this aggregate sum of money in damages, on the findings that the sum of $1,750.00 was shown to be the reasonable rental market value of the premises during the pendency of the appeal from the Justice Court to the time of the trial of the case in the County Court; that the sum of $400.00 was incurred by Malbis Memorial as reasonable attorney's fees for the prosecution of the suit and the further finding that the sum of $250.00 was shown to have been the reasonable additional expenses incurred by Malbis Memorial in the prosecution of the suit in the County Court. The agreed statement of facts[1] on file in this cause reflects that the parties have agreed and stipulated that the evidence adduced at the trial in the County Court was sufficient to support the judgment entered.

The Court of Civil Appeals has affirmed the judgment of the County Court at Law. 349 S.W. 2d 957.

Haginas and wife contend that the amount of damages allow-

---

1. "On October 13, 1959, in the Justice Court of Harris County, Texas, Precinct No. One, a judgment of forcible entry and detainer and costs was awarded to Malbis Memorial Foundation against P. J. Haginas, et ux, concerning the possession of real property. Appeal bond was filed timely, and appeal was perfected to the County Court at Law of Harris County, Texas, on October 16, 1959.

"P. J. Haginas, et ux, have filed no written pleas, either in the Justice Court or in the County Court at Law.

"Plaintiff's First Amended Original Petition was filed on May 12, 1960, in the County Court at Law, alleging damages incurred by plaintiff during the pendency of the appeal from Justice Court and the case was duly called to trial.

"On May 26, 1960, judgment was entered by the County Court at Law, awarding possession of the real property and a money judgment in favor of Malbis Memorial Foundation for the sum of Two Thousand Four Hundred Dollars ($2,400.00) and costs.

"It is agreed and stipulated by and between the parties hereto that the evidence adduced at the trial in the County Court at Law was sufficient to support the judgment entered therein."

able under Rule 752,[2] Texas Rules of Civil Procedure, is limited to a sum of money within the jurisdictional amount set forth in Article 5, Section 16, of the Texas Constitution and that any judgment for a sum in excess of $1,000.00 rendered in the County Court would be void.

Malbis Memorial contends that the jurisdictional limit stated in Article 5, Section 16, supra, refers only to the amount in controversy at the time the suit is filed and that the monetary limit provided in the Constitution has no application to the appellate jurisdiction of the County Court. It is argued that when Article 5, Section 16, supra, of the Constitution and the applicable statutes and rules are read together, it is evident that the damages contemplated under Rule 752, supra, are not limited to the jurisdictional limit prescribed for the original jurisdiction of the County Court. We agree with this contention.

■ An action of forcible entry and detainer is a special proceeding and as such is governed by the special statutes and rules applicable thereto. See Lowe and Archer, Texas Practice, Injunctions and Extraordinary Proceedings (1957), Section 121; Rules 738 through 755, Texas Rules of Civil Procedure; Ringgold v. Graham, Comm. App., 13 S.W. 2d 355 (1929); Simmons v. Brannum, Texas Civ. App., 182 S.W. 2d 1020 (1944), no wr. hist.; Ragsdale v. Ward, Texas Civ. App., 173 S.W. 2d 765 (1933), no wr. hist. Under the provisions of Article 3973, Vernon's Annotated Civil Statutes, an action of forcible entry and detainer must be instituted in the Justice Court. Forcible entry and detainer is an action for possession and the question of right of possession is the only issue involved in the Justice Court. It is true, however, that Rule 738, Texas Rules of Civil Procedure, permits the plaintiff to join with his action of forcible entry and detainer, a suit for rent, but the rule specifically limits the amount of rent which may be recovered in the Justice Court to the jurisdictional limit placed on the Justice Court by Article 5, Section 16, supra. Under Rule 749, Texas Rules of Civil Procedure, an appeal can be taken only to the County Court from a judgment of the Justice Court. This rule provides in effect that either

---

2. Rule 752, Texas Rules of Civil Procedure.

"On the trial of the cause in the county court the appellant or appellee shall be permitted *to plead and prove his damages if any suffered for withholding or defending possession of the premises during the pendency of the appeal and also all necessary and reasonable expenses incurred in prosecuting or defending the cause in the county court;* provided that only the party prevailing in the county court shall be entitled to recover against the adverse party such damages, expenses, and costs. He shall also be entitled to recover against the sureties on the appeal bond in cases where the adverse party has executed such bond." (Emphasis added.)

party may appeal to the County Court by filing a bond payable to the adverse party on the condition he will prosecute his appeal with effect or pay *all costs and damages* which may be adjudged against him. The form of the bond set out in Rule 750 conforms to the conditions required under the Rules. Neither Rule 749 nor 750 state or imply that the appealing party's bond is to be conditioned that the appealing party will prosecute his appeal with effect and pay all costs and damages *not* in excess of $1,000.00. We note that there is absent from Rule 752, supra, any specific reference to or implication of any limitation that is to be placed upon the amount of damages that may be awarded by the County Court under the rule. We attribute the absence of such limitation to the fact that the jurisdiction of the County Court in a forcible entry and detainer suit is appellate as opposed to original based on any amount in controversy. The County Court acquired appellate jurisdiction over the subject matter of this case and the subject matter was the primary issue of possession. It is the general rule that once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction. See Isbell, et al v. Kenyon-Warner Dredging Co., 113 Texas 528, 261 S.W. 762. This case, while not a case dealing with forcible entry and detainer, sustains, in principle, our holding here. The Isbell case was filed in the County Court for the recovery of a dragline bucket, or its value, alleged to be $750.00. Prior to the trial of the case, plaintiff amended its petition in which a like recovery as prayed for in the original petition was sought, and, in addition thereto, the reasonable *rental* value of bucket during the time the bucket remained in the hands of the defendant by virtue of a replevy bond. Judgment was rendered in plaintiff's favor against defendants for $750.00 as the value of the bucket *and* for $1,047.50 as damages for rents plaintiffs were entitled to for the "detention of the bucket".

■ The question presented in the Isbell case was: Did the County Court have the power to render judgment for a sum in excess of $1,000.00? This Court, in holding that the County Court was clothed with such power, announced the general rule that where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat that jurisdiction. The Court reasoned that:

"Ordinarily the very conferring of jurisdiction upon a court, with nothing further said, empowers it inherently to use statutory and recognized means of enforcing its jurisdiction without

regard to the value, the amounts, or the subject-matter involved in the process. * * *

"It is characteristic of inherent, auxiliary, and exceptional jurisdictions that it is not confined by the provisions that limit the scope of ordinary jurisdiction."

The reasoning of the Court in the Isbell case is equally applicable where the problem is to determine the scope of Rule 752, supra. Article 3990, Vernon's Annotated Civil Statutes, the source of Rule 752, supra, was enacted by the Legislature for the protection of the winning party in the Justice Court. Specifically applied here, the rule was meant to protect Malbis Memorial and enable it to ultimately recover from Haginas and wife whatever damages it may have suffered by virtue of their withholding possession of the premises, regardless of the amount so long as it can prove such damages. A contrary holding would, in effect, mean that the only damages contemplated by Rule 752, supra, would be those damages that fall within the jurisdictional limits prescribed in Article 5, Section 16, supra, for the County Court's original jurisdiction. This untenable position, if adopted, would have the effect of rendering the County Court powerless to render judgment for any amount in the event the damages pending appeal from the Justice Court to the County Court were less than $200.00.

■ The primary object of the present forcible entry and detainer suit was to obtain possession of certain real property due to the failure of Haginas and wife to pay rent in accordance with a lease agreement between the parties. Possession has been withheld pending appeal and the amount of damages has been stipulated to be the sum of $2,400.00. The recovery of damages pending the appeal authorized by Rule 752, supra, is ancillary to the cause of action for possession. Since Haginas and wife elected to remain in possession of the premises pending appeal, they subjected themselves to liability under the appeal bond and under Rule 752, supra, for all damages accruing to Malbis Memorial by reason of their wrongfully withholding of the premises. The damages awarded by the trial court was due solely to the wrongful withholding of the premises by Haginas and wife.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 28, 1962.