Adelle RUSHING, Individually and on behalf of the Faulkenberry Estate, and Joe Kent Keith

v.

Donald SMITH.

No. 9352.

Court of Appeals of Texas, Amarillo.

March 9, 1982.

Bird & Bird, Steven R. Bird, Childress, for appellants.

McClendon & Richards, Tom M. Richards, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

This suit began in the justice court of Cottle County, Texas. It is a forcible detainer action by appellant Adelle Rushing, individually and on behalf of the Faulkenberry Estate and appellant Joe Kent Keith, to recover from appellee Donald Smith possession of a tract of land. From a judgment of the justice court awarding possession to appellants, subject to the rights of appellee to harvest certain wheat and oats, an appeal was taken to the county court of Cottle County. In that court, appellee filed a cross action asking, inter alia, for the value of "certain preparatory work for the 1980–1981 wheat crop," together with attorney fees. Judgment was rendered in that court awarding possession of the premises to appellants, but awarding appellee the sum of $2,300.00 for preparation for the 1980–1981 wheat crop, together with attorney fees in the amount of $1,000.00. Findings of fact and conclusions of law were made by the trial court.

Appellants raise nine points of error, briefed and argued together. We believe point one is dispositive of this appeal. By this point, they allege error in the award to appellee of compensatory damages for the preparation of this wheat crop, and attorney fees. Appellants contend that, under Rule 752, Tex.R.Civ.P., the only damages recoverable in a forcible detainer suit are those suffered by the prevailing party in withholding or defending possession, and court costs. Appellee maintains that damages other than these are recoverable when awarded pursuant to a properly joined cross action. Thus, the question presented is whether the limitation in Rule 752, Tex.R.Civ.P., on damages recoverable in a forcible detainer suit applies equally when such a suit is joined with a cross action alleging other damages. We agree with the position of appellants. We, therefore, reform the judgment to delete those portions awarding damages and attorney fees to appellee, and the judgment as reformed is affirmed.

An action in forcible entry and detainer is a special proceeding and is, therefore, governed by the particular statutes and rules applicable thereto. *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962). Article 3973, Tex.Civ.Stat.Ann. (Vernon 1966) requires that such a suit be instituted in the justice court, and Rule 746, Tex.R.Civ.P., limits the subject of the action to right of possession. Thus, possession is the only issue properly before the justice court, unless an action for rent, not exceeding the jurisdictional limits of the justice court, is properly joined. *Haginas v. Malbis Memorial Foundation, supra*, at 311, 354 S.W.2d 368.

Appeal to the county court, in the form of trial *de novo*, may be taken from the judgment of the justice court, Tex.R.Civ.P. 749, and the court is authorized to award the prevailing party damages, including costs, suffered by him in withholding or defending possession. Tex.R.Civ.P. 752. The measure of damages in a forcible detainer appeal is the reasonable rental value of the property during the pendency of the appeal. *Hart v. Keller Properties*, 567

S.W.2d 888, 889 (Tex.Civ.App.—Dallas 1978, no writ). Rule 752, Tex.R.Civ.P. provides that only the prevailing party is entitled to recover damages suffered for withholding or defending possession. Thus, two factors become clear. One is that only the party awarded possession is to recover damages. The second is that damages are for expenses and losses related to maintaining or obtaining possession. Rule 752, Tex.R. Civ.P. does state that damages shall include, but are not limited to, loss of rentals. This provision has been properly construed, not as allowing for damages unrelated to possession, but as permitting either party to recover whatever damages are suffered in withholding possession. *Hart v. Keller Properties, supra,* at n. 1.

█ The trial court's finding of fact and conclusions of law show that the award of damages to appellee was based on the value of his labor, and the expenses he incurred prior to his receipt of notice to vacate. This measure of damages is unrelated to his expense in defending possession and is, therefore, improper in a forcible detainer appeal. Moreover, the award of damages and attorney fees to the party losing the appeal is contrary to the provisions of Rule 752, Tex.R.Civ.P.

█ If appellee wishes to maintain a suit for his expenses, labor or other damages not recoverable in a forcible detainer action, he is entitled to do so, provided he pursues his remedies in a court of competent jurisdiction. *Holcombe v. Lorino,* 124 Tex. 446, 79 S.W.2d 307, 309 (1935). Point of error one is sustained. With this disposition, we do not reach the remainder of appellants' points of error.

█ Although appellants make no specific point on appeal, in their argument, they ask for award of attorney fees. We note that both sides stipulated the sum of $1,000.00 would be a reasonable attorney fee. There was no agreement that the prevailing party receive attorney fees. The trial court did not see fit to award attorney fees to appellants. Rule 752, Tex.R.Civ.P., gives the trial court discretion to grant or deny attorney fees. *Lee McGuire 1900 Co. v. Inventive Industries,* 566 S.W.2d 95 (Tex. Civ.App.—Beaumont 1978, writ dism'd). This record does not reveal an abuse of discretion on the part of the trial court in refusing to award attorney fees to appellants.

The judgment of the trial court is reformed to delete that portion granting damages and attorney fees to appellee and, as reformed, the judgment of the trial court is affirmed. Costs are assessed against appellee.