**DALLAS INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**Mattie Bell PORTER, Respondent.**

**No. C–4949.**

Supreme Court of Texas.

May 7, 1986.

Rehearing Denied June 11, 1986.

David S. Kidder and John P. Polewwski, Thompson & Knight, Dallas, for petitioner.

John B. Wilson and Carmen S. Mitchell, Wilson, Williams & Molberg, Dallas, for respondent.

PER CURIAM.

In this workers' compensation case, we are asked to determine whether the trial court properly dismissed for lack of jurisdiction an appeal from the Industrial Accident Board. The court of appeals, in an unpublished opinion, held that, even though Dallas Independent School District timely filed the appeal in district court, the school district judicially admitted in an answer to Porter's counterclaim that suit to set aside the award was not filed within the 20 days required to appeal an IAB award and affirmed the trial court's dismissal of the cause. We grant the application for writ of error, and, pursuant to Tex.R.Civ.P. 483, without hearing oral argument, reverse the court of appeals' judgment and remand the cause to the trial court.

On April 26, 1978, Woodrow Porter was killed while in the course and scope of his employment with the Dallas Independent School District. Porter's widow filed a workers' compensation claim with the Industrial Accident Board which entered its award on July 6, 1983. Dallas Independent School District, a self-insured workers' compensation carrier, timely filed its intention to appeal the award on July 19, 1983.

It filed suit to set aside the Board's award on July 29, 1983.

Porter filed a counterclaim seeking workers' compensation benefits, as is required in this de novo proceeding. Dallas Independent School District answered the counterclaim alleging, as an affirmative defense, that Porter failed to timely file her notice of injury, claim for compensation benefits, and suit to set aside the award.

Porter moved for and was granted a nonsuit on her counterclaim. Porter, also, moved to dismiss the Dallas Independent School District's suit for lack of jurisdiction. She argued that the school district's affirmative defense to her counterclaim (alleging failure to file suit in a legal time and manner) was a judicial admission that the school district failed to file suit within 20 days of the notice of intent to appeal the IAB award. The trial court granted Porter's motion and dismissed the case for lack of jurisdiction. The court of appeals affirmed the trial court's judgment in an unpublished opinion.

 Dallas Independent School District argues that the trial court erroneously dismissed its suit for lack of jurisdiction. We agree. It is undisputed that Dallas Independent School District timely filed its appeal, and once an appeal is timely made to a court of competent jurisdiction from an award of the Industrial Accident Board, the court acquires jurisdiction of the subject matter in controversy by operation of law. Tex.Rev.Civ.Stat.Ann. art. 8307 § 5 (Vernon 1967). *Wilborn v. Texas Employers' Insurance Association,* 558 S.W.2d 65, 69 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). The general rule, as stated in prior opinions, is that "where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction." *Flynt v. Garcia,* 587 S.W.2d 109, 109–110 (Tex.1979) (per curiam); *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 278, 354 S.W.2d 368, 371 (1962); *Isbell v. Kenyon-Warner Dredging Co.,* 113 Tex. 528, 532, 261 S.W. 762, 763 (1924). This general rule, to which this case appears to be no exception, pre-vents the trial court from dismissing this de novo appeal for lack of jurisdiction.

The opinion of the court of appeals is in conflict with the general rule announced in *Flynt, Haginas,* and *Isbell.* Pursuant to Tex.R.Civ.P. 483, we grant the Dallas Independent School District's application, and without hearing oral argument, reverse the judgment of the court of appeals. The cause is remanded to the trial court for a trial on the merits.