Cameron D. Henderson, Individually, and as President of Foremost Holdings, inc. v. FDIC, Receiver for University National Bank















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-013-CV

     CAMERON D. HENDERSON,
     INDIVIDUALLY AND AS PRESIDENT
     OF FOREMOST HOLDINGS, INC.,
                                                                         Appellant
     v.

     FEDERAL DEPOSIT INSURANCE
     CORPORATION, RECEIVER FOR
     UNIVERSITY NATIONAL BANK,
                                                                         Appellee
 

From the County Court at Law No. 1
Brazos County, Texas
Trial Court # 4613-B
                                                                                                                
                                                                                                         
OPINION ON REHEARING
                                                                                                                

      This is an appeal of an eviction proceeding. Cameron Henderson was evicted from the
property by the justice of the peace. He appealed the eviction to the county court. Eviction
proceedings on appeal to the county court are tried de novo. Henderson was also evicted by the
county court. Henderson appealed. Because the FDIC did not introduce any evidence at the de
novo trial, we reversed the judgment of eviction and remanded the cause for proceedings consistent
with the opinion.
      In a motion for rehearing, Henderson asserts that we should have addressed his issue on
whether the trial court had jurisdiction to decide the case. Henderson’s contention is that the
county court does not have jurisdiction of a suit in which title to property is a necessary issue. We
agree. Additionally, Henderson contends that title to the tract must necessarily be decided in this
matter. We disagree.
      Title to this property has already been litigated in federal court. The trespass to try title action
in federal court sought a determination of title and gave a proper legal description of the property. 
But the federal court judgment did not contain a complete metes and bounds description of the
tract. However, from reading the judgment, and its reference to the volume and page records in
Brazos county of a deed that was fraudulently filed by Foremost Holdings which does contain a
complete description of the property, we believe the legal description of the property can be
adequately determined.
      Further, in an eviction proceeding the question is not whether title can be established. The
question in an eviction proceeding is right to possession Haginas v. Malbis Memorial Foundation,
354 S.W.2d 368, 371 (Tex. 1962). Based on the limited record before us, we do not believe that
Henderson’s or FDIC’s title is at issue in this case. Even as construed by Henderson, the federal
court judgment grants title and possession of part of an identified tract to the FDIC. However,
Henderson contends that the description of the particular tract at issue is defective because it is
only referenced as part of a larger tract and that the precise legal description would have to be
established in the eviction proceeding. There has been no suggestion that Henderson is entitled
to possession of any portion of the larger tract specifically described in the federal court judgment. 
On retrial, the FDIC may show by any means available what property it claims and the basis of
its claim of a right to immediate possession. We have found no authority for the proposition that
an adequate legal description is necessary to sustain an order of eviction. Many, if not most,
eviction proceedings are made on nothing more than a street address. Based upon the record
before us, the county court has jurisdiction to determine the issue as discussed herein.
      Henderson’s motion for rehearing is denied.
 
                                                                               TOM GRAY
                                                                               Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Rehearing denied
Opinion delivered and filed March 21, 2001
Do not publish