Affirmed in Part, Reversed and Remanded
in Part, and Memorandum Opinion filed April 14, 2011.

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-01002-CV



 

MICHAEL WHITMIRE, Appellant

V.

GREENRIDGE PLACE APARTMENTS, Appellee

 



On Appeal from the County Civil
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 936464



 

MEMORANDUM OPINION

            Appellant,
Michael Whitmire, appeals a summary judgment in favor of appellee, Greenridge
Place Apartments (“Greenridge Place”), in its suit to recover various amounts
allegedly due under a lease.  We affirm in part and reverse and remand in part.

I.   Background

            Whitmire
leased an apartment from Greenridge Place pursuant to a written contract
commencing April 1, 2006.  Greenridge Place filed a forcible detainer suit
after Whitmire allegedly failed to pay the rent due in April 2006.  On July 13,
2006, the county court, on appeal from a justice court, signed a forcible detainer
judgment awarding Greenridge Place possession of the premises, $850 in past due
rent, and attorneys’ fees.  The First Court of Appeals affirmed, and the Texas
Supreme Court dismissed Whitmire’s petition for review.  See Whitmire
v. Greenridge Place Apartments, No. 01-06-00963-CV, 2007 WL 2894167 (Tex. App.—Houston
[1st Dist.] Oct. 4, 2007, pet. dism’d w.o.j.) (mem. op.).  Whitmire
remained in possession of the premises during the appeal and did not vacate
until May 20, 2008.  Thus, the trial court rendered an amended judgment
awarding Greenridge Place recovery against Whitmire and the sureties of his $25,000
supersedeas bond for rent accruing during the appeal plus associated attorneys’
fees and against him individually for amounts over $25,000.  See Whitmire
v. Greenridge Place Apartments, No. 01-09-00291-CV, --- S.W.3d ---, 2010 WL
3294280 (Tex. App.—Houston [1st Dist.] Aug. 19, 2010, no pet. h.).  The First
Court of Appeals also affirmed this judgment.  See id.

            Greenridge Place then filed
the present suit alleging breach of contract and seeking additional amounts
other than rent allegedly owed under the lease, including $2,630 in late fees,
$672 for water charges, and $807.50 as a re-letting fee.  Whitmire pleaded the
following affirmative defenses: failure of consideration; waiver; collateral estoppel;
res judicata; failure to satisfy conditions precedent; and the “one recovery”
rule.

Greenridge Place filed a motion for
summary judgment, which the trial court granted on September 29, 2009, awarding
Greenridge Place the following:  $4,109.50 in damages; $5,000 in attorneys’
fees; conditional appellate attorneys’ fees of $14,800, $9,250, and $14,800,
respectively, if Greenridge Place prevails on an appeal to a court of appeals, a
motion for rehearing or “Application for Writ of Error,” and an appeal to the
Texas Supreme Court; pre and post-judgment interest; and costs of court.

II.    Summary Judgment

Whitmire
presents four issues on appeal.  First, he contends Greenridge Place failed to
negate all of his pleaded affirmative defenses.  In his second and third
issues, he contends Greenridge Place did not conclusively establish its claims
for damages and attorneys’ fees.  Finally, he argues the claims are barred by
certain affirmative defenses.

With
respect to Whitmire’s first issue, Greenridge Place was not required to negate
affirmative defenses.  Rather, a plaintiff establishes its right to summary judgment
by conclusively proving all essential elements of its claim.  Cullins v. Foster, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.]
2005, pet. denied) (citing MMP, Ltd. v. Jones, 710 S.W.2d 59, 60
(Tex. 1986)).  If the
defendant wishes to assert an affirmative defense to the motion, he must urge
the defense in his response and present sufficient evidence to create a fact
issue on each element of the defense.  See Brownlee v. Brownlee, 665 S.W.2d
111, 112 (Tex. 1984); Anglo-Dutch Petroleum Int'l, Inc. v. Haskell,
193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing Beathard Joint Venture v. W. Houston Airport Corp.,
72 S.W.3d 426, 434 (Tex. App.—Texarkana 2002, no pet.); Jones v. Tex. Pac. Indem. Co.,
853 S.W.2d 791, 795 (Tex. App.—Dallas 1993, no writ)).  The non-movant is not required to
prove the affirmative defense as a matter of law; raising a fact issue is
sufficient to defeat summary judgment.  See Brownlee, 665 S.W.2d at 112; Anglo-Dutch Petroleum, 193 S.W.3d at
95.  A party’s
failure to raise an affirmative defense in response to a motion for summary
judgment constitutes waiver of the defense on appeal.  Beathard Joint Venture, 72 S.W.3d at 434.

Accordingly, we may preliminarily overrule Whitmire’s first
issue.  We will address (1) whether Greenridge Place established a right to
summary judgment on its claims, (2) whether Whitmire raised a fact issue on any
affirmative defenses relative to the only claim conclusively established by
Greenridge Place, and (3) Whitmire’s challenge to the award of attorneys’ fees.
 

We review a summary judgment de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  We take all evidence favorable to the nonmovant as true
and indulge every reasonable inference and resolve any doubts in his favor.  Id.

A.        Damages

            Appellant
contends Greenridge Place failed to establish its right to recover the three
components of total damages awarded.[1]

            1.         Late
fees

            To prove its claim for $2,630
in late fees, Greenridge Place relied on the lease and the affidavit of Andrea
Bloom, its Regional
Manager and custodian of records.  The extent of Bloom’s averment regarding the late fees is
the following: “after all offsets and credits, Defendant owes Plaintiff . . . $2,630.00 in late fees pursuant to Paragraph 6 of the Lease.”  The copy of the lease in the record is difficult to read, but Paragraph
6 appears to provide that, if rent is not paid by the third day of a month,
Whitmire will pay an initial late charge of $50 plus additional charges of $10
per day until paid in full, although daily late charges will not exceed fifteen
days for any month’s rent.

Although
this provision prescribes circumstances under which Greenridge Place is
entitled to assess late fees, we agree with Whitmire’s contention that Bloom’s
statement is conclusory relative to the fees sought in this case.  “A
conclusory statement is one that does not provide the underlying facts to
support the conclusion.”  Hodgkins v. Bryan, 99 S.W.3d 669, 674
(Tex. App.—Houston
[14th Dist.] 2003, no pet.) (citing Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.)); see Black’s Law Dictionary
308 (9th ed. 2009) (defining conclusory as “[e]xpressing a factual inference without
stating the underlying facts on which the inference is based”); see also
Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A Ltd.,
249 S.W.3d 380, 389 & n.32 (Tex. 2008) (holding testimony was not conclusory because witness
did not simply state a conclusion without explanation or ask jury to “take my
word for it.”).  A conclusory statement in an affidavit is
not proper summary-judgment proof if there are no facts to support the
conclusion.  Hodgkins, 99 S.W.3d at 674 (citing Ryland Grp., Inc. v. Hood,
924 S.W.2d 120, 122 (Tex. 1996)).  A contention that an affidavit is conclusory is an
objection to its substance and may be raised for the first time on appeal.  Pico
v. Capriccio Italian Rest., Inc, 209 S.W.3d 902, 909 (Tex.
App.—Houston [14th Dist.] 2006, no pet.); Hodgkins, 99 S.W.3d at 674.

Bloom merely
referred to a total amount of late fees owed and the applicable lease provision
but did not specify how this amount was calculated, such as the months for
which a late fee was charged and the manner in which the fee for a particular month
was determined, much less show that any calculations complied with the formula
prescribed in Paragraph 6.  Without more detail regarding the manner in which
late fees were calculated, Bloom’s affidavit was not readily controvertible by
Whitmire.  See Ryland Grp., Inc., 924 S.W.2d at 122 (citing
Rule 166a(c) and stating conclusory affidavits are not suspectible to being
readily controverted).  Accordingly, Greenridge Place failed to conclusively
establish its right to recover $2,630 in late fees.[2]

             2.        Water
charges

Bloom’s affidavit is likewise
conclusory regarding water charges purportedly owed by Whitmire.  Bloom averred
merely that “after all offsets and credits, Defendant owes Plaintiff . . . $672.00 for water pursuant to Paragraph 7 of the
Lease.”  Paragraph 7 indeed provides that Whitmire will pay water charges
during the lease term.  However, again, Bloom did not describe, or attach
documentation demonstrating, how the total amount claimed was calculated,
including the months for which water charges were incurred or the manner in
which a charge for a particular month was determined.  Accordingly, Greenridge
Place failed to conclusively establish its right to recover $672 for water
charges. 

            3.         Re-letting fee

            At the outset
of his argument, Whitmire generally asserts that Greenridge Place failed to present
conclusive evidence of its alleged damages.  However, unlike his challenges to
the above-discussed amounts, Whitmire does not directly assert Bloom’s
affidavit is conclusory relative to the re-letting fee.  Instead, he essentially
advances no argument challenging this fee and relies only on his affirmative
defenses to defeat summary judgment.

Nevertheless,
we hold that Greenridge Place did present conclusive evidence proving its right
to recover the re-letting fee.  Paragraph 11 of the lease sets forth several
alternative events that entitle Greenridge Place to a re-letting fee of
$807.50, including if Whitmire is “judicially evicted.”  Greenridge Place
presented judgments from the county court and appellate court showing Whitmire
was judicially evicted via the forcible detainer action.   Whitmire does not
argue that Greenridge Place had no right to recover a re-letting fee upon his
judicial eviction.

In light of this evidence, Bloom’s
affidavit was not necessary to establish Greenridge Place’s right to recover
this fee.  Nonetheless, she did include testimony regarding the fee by averring
that “Defendant owes Plaintiff . . . $807.50 re-letting fee pursuant to
Paragraphs 11, 38, and 41 of the Lease” and also stating he was “judicially
evicted.”  The evidence is not conclusory regarding the re-letting fee; in
contrast to the other amounts claimed, there were no calculations necessary to
establish the right to recover $807.50 because it was a flat fee chargeable upon
occurrence of a defined event.  Accordingly, the trial court did not err by
granting summary judgment awarding recovery of this fee.  In sum, we sustain in
part and overrule in part Whitmire’s second issue.

B.        Affirmative
Defenses

Although
Whitmire asserts all claims are “barred” by certain affirmative defenses and
requests we render judgment in his favor, he did not file his own motion for
summary judgment to defeat the claims.  Consequently, the most relief Whitmire
may obtain by successfully relying on an affirmative defense is reversal of the
summary judgment in Greenridge Place’s favor and remand.  Accordingly, we need not
address his affirmative defenses relative to the claims for late fees and water
charges because Greenridge Place failed to conclusively establish its right to
summary judgment on these claims.  We address only whether Whitmire raised a
fact issue on any affirmative defense to the claim for a re-letting fee.  Despite
pleading six affirmative defenses, Whitmire raised only three in his summary-judgment
response: res judicata; collateral estoppel; and compulsory joinder.  The gist
of all these defenses is that Greenridge Place “could have” or “should have” pursued
all the present claims in its previous suit.[3]

The
doctrine of res judicata “prevents the relitigation of a claim or cause of
action that has been finally adjudicated, as well as related matters that, with
the use of diligence, should have been litigated in the prior suit.”  Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 628 (Tex. 1992).  A party relying on this doctrine must prove there is (1) a
prior final judgment on the merits by a court of competent jurisdiction, (2)
identity of parties or those in privity with them, and (3) a second action
based on the same claims that were, or could have been, raised in the first
action.  Amstadt v. U.S. Brass Corp.,
919 S.W.2d 644, 652 (Tex. 1996).

The
doctrine of collateral estoppel prevents relitigation of particular issues
already resolved in a prior suit.  Barr, 837 S.W.2d at 628–29.  A party relying on this doctrine must
prove (1) the facts sought to be litigated in the second action were fully and
fairly litigated in the first action, (2) those facts were essential to the
judgment in the first action, and (3) the parties were cast as adversaries in
the first action.  Sysco Food Servs. v. Trapnell,
890 S.W.2d 796, 801 (Tex. 1994).

Whitmire
did not specifically plead “compulsory joinder” although he raised this defense
in his summary-judgment response.  Nevertheless, to support this theory, he
cites Texas Rule of Civil Procedure 97(a), which governs “Compulsory
CounterClaims” and is, therefore, inapplicable in the present case.  See
Tex. R. Civ. P. 97(a).  He apparently uses “compulsive joinder” as another term
for “res judicata” or “collateral estoppel.”

The
doctrine of collateral estoppel is inapplicable in the present case because
Whitmire has not produced evidence that any issues pertaining to the re-letting
fee were litigated in the previous case, and collateral estoppel does not have
a “should have been litigated” or “could have been litigated” component.  See
Sysco Food Servs., 890 S.W.2d at 801; Barr, 837 S.W.2d at 628–29.  Relative to res judicata, the claim for the
re-letting fee was not litigated in the previous case.  Consequently, the
inquiry is whether the claim, through exercise of reasonable diligence, should
have been litigated in the previous case.  See Barr, 837 S.W.2d
at 628.  Greenridge Place argues that the justice court and county court lacked
jurisdiction in the previous suit to adjudicate the present claims.  We agree at
least with respect to the claim for a re-letting fee.

Justice courts have original jurisdiction over forcible detainer
suits.  Tex. Prop. Code Ann. § 24.004 (West 2000); Tex. Gov’t Code Ann. § 27.031(a)(2) (West Supp. 2009).  A party may
appeal the justice-court judgment to a county court
for trial de novo.  See Tex. R. Civ. P. 749.  On appeal in a forcible detainer suit, the county
court exercises appellate, not original, jurisdiction, which is generally
confined to the jurisdictional limits of the justice court.  Hong Kong Dev.,
Inc. v. Nguyen, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007,
no pet.) (citing Ward v. Malone, 115 S.W.3d 267, 269
(Tex. App.—Corpus Christi 2003, pet. denied)).

Because a forcible detainer suit is
intended to ensure a “speedy, summary, and inexpensive” determination regarding
the right to immediate possession of real property, generally the sole issue is
entitlement to actual and immediate possession.  See id. (citing Tex. R. Civ. P. 746; Haginas v. Malbis Mem’l Found.,
354 S.W.2d 368, 371 (Tex. 1962)).  However, a justice or county court in such suits is vested with
jurisdiction over a few other limited matters.  See Tex. R. Civ. P. 738, 752; Nguyen, 229 S.W.3d at 415.  In particular, a claim for rent may be joined
with a forcible entry or detainer action as long as the claim falls within the
justice court’s jurisdiction.  Tex. R. Civ. P. 738; see Nguyen, 229 S.W.3d at 415 (citing Haginas, 354 S.W.2d at 371).  Additionally, on appeal to the
county court, “the appellant or appellee shall be permitted to plead, prove and
recover his damages, if any, suffered for withholding or defending possession
of the premises during the pendency of the appeal,” although only the party
prevailing in the county court may recover these damages.  Tex. R. Civ. P. 752.  Such damages include, but are not limited to, loss
of rents during pendency of the appeal and reasonable attorneys’ fees in the
justice and county courts.  Id.  The damages recoverable under Rule 752 are only those “‘suffered as a direct result of withholding
or defending possession.’”  Nguyen, 229 S.W.3d at 415 (quoting Hanks v. Lake Towne Apartments,
812 S.W.2d 625, 627 (Tex. App.—Dallas 1991, writ denied)). The
justice and county courts lack subject-matter jurisdiction in a forcible detainer
suit to adjudicate matters other than those set forth above.  Id.

In the forcible detainer action, Greenridge Place recovered
outstanding rents as of the date it filed the action, rents that accrued while
Whitmire occupied the premises during pendency of the appeal to county court, and
Greenridge Place’s attorneys’ fees.  However, the re-letting fee cannot be
characterized as damages “suffered as a direct result of withholding or
defending possession” during pendency of the appeal.  Rather, pursuant to the
lease, Whitmire was obligated to pay the fee based merely on the occurrence of judicial
eviction regardless of the stage at which the eviction became final; i.e,
Greenridge Place was entitled to this fee irrespective of whether Whitmire
appealed the justice court’s forcible detainer judgment to the county court or
continued to occupy the premises during any appeal.  See Hanks, 812 S.W.2d at 627 (holding that county court considering
appeal of forcible detainer judgment lacked subject-matter jurisdiction over
tenant’s counterclaim for wrongful retention of rental security deposit because
counterclaim, although arising out of same landlord-tenant relationship, did
not involve damages “suffered for ... defending possession of the premises”).  In
fact, Whitmire advances no substantive argument that Greenridge Place could
have pursued a claim for this fee in the forcible detainer action other than
generally stating both suits involved the same apartment and lease.

In sum,
because Greenridge Place could not have pursued the re-letting fee in the
forcible detainer action, Whitmire failed to raise a fact issue on his res
judicata defense. We overrule his fourth issue.

C.        Attorneys’
Fees

            To prove its
attorneys’ fees, Greenridge Place presented the affidavit of its attorney, Magnus
R. Rayos, who described the legal services necessary to prosecute the case and averred
that the fees ultimately awarded by the trial court were reasonable and
necessary.  Whitmire, who is also an attorney, averred in his affidavit that these
fees were unreasonable based on the limited services necessary to prosecute the
suit.   

On
appeal, Whitmire seems to present several grounds to challenge the award of
attorneys’ fees: (1) a fact issue existed on whether the fees were reasonable
and necessary; (2) Greenridge Place failed to prove conditions precedent to
recovering fees; and (3) it did not segregate fees.

We agree
that Greenridge Place has failed to satisfy a condition precedent for recovering
attorneys’ fees to prosecute the claims for late fees and water charges.  A party
“may recover reasonable attorneys’ fees from an individual or corporation, in
addition to the amount of a valid claim and costs, if the claim is for . . . an
oral or written contract.”  Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)
(West 2008).  To recover attorneys’ fees under section 38.001(8), a party must prevail on a breach-of-contract claim and
recover damages.  MBM Fin. Corp. v. The Woodlands Operating Co., L.P.,
292 S.W.3d 660, 666 (Tex. 2009).  In light of our above-disposition, Greenridge Place has
not prevailed on the claims for late fees and water charges and recovered
damages.

Under
section 38.001(8), Greenridge Place was allowed to recover attorneys’ fees for
prosecuting its claim for the re-letting fee.  However, if any attorneys’ fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate
recoverable from unrecoverable fees.  Tony Gullo Motors I, L.P. v. Chapa,
212 S.W.3d 299, 313 (Tex. 2006).  “[I]t is only when discrete legal services advance both a recoverable
and unrecoverable claim that they are so
intertwined that they need not be segregated.”  Id. at 313–14.  These
rules apply in the summary-judgment context.  See DMC Valley Ranch,
L.L.C. v. HPSC, Inc., 315 S.W.3d 898, 906–07 (Tex. App.—Dallas 2010,
no pet.); Keys v. Litton Loan Servicing, L.P., No. 14-07-00809-CV, 2009
WL 4022178, at *8 (Tex. App.—Houston [14th Dist.] Nov. 24, 2009, no pet.)
(mem. op).

In its
motion for summary judgment and supporting affidavit, Greenridge Place
presented its claim for attorneys’ fees as though it would recover all damages
sought in this suit.  Greenridge Place did not segregate attorneys’ fees that
were reasonable and necessary to prosecute solely the claim for the re-letting
fee or demonstrate segregation was not required.  Accordingly, it thus far has not
established its attorneys’ fees for prosecuting the claim for a re-letting fee.
 See DMC Valley Ranch , 315 S.W.3d at 906–07 (reversing award
of plaintiff’s attorneys’ fees via summary judgment when it proved fees for
prosecuting entire suit but did not segregate recoverable from unrecoverable
fees or show segregation was not required); Keys, 2009 WL 4022178, at *8
(same).[4] 
We sustain Whitmire’s third issue.[5]

III.   Conclusion

We
reverse the portion of the judgment awarding Greenridge Place late fees, water
charges, and attorneys’ fees and remand for further proceedings consistent with
this opinion.  We affirm the portion of the judgment awarding Greenridge
Place’s $807.50 as a re-letting fee.

                                                                                                                                                                                                                                                

                        

            /s/        Charles W. Seymore

                                                                                    Justice

 

Panel
consists of Justices Seymore, Boyce, and Christopher.









[1]
Greenridge Place argues Whitmire waived review of this issue by failing to cite
authority in his brief.  See Tex. R. App. P. 38.1(i) (requiring that
brief contain clear and concise argument with appropriate citation to
authorities and the record).  Because our evaluation of this issue depends
primarily on review of the evidence, as opposed to legal issues, we will
consider Whitmire’s contentions.





[2]
Whitmire also generally argues, and averred in his affidavit, that Greenridge
Place may not recover late fees because it refused to accept his rent payments
after April 1, 2006 and he timely deposited rents into the registry of the
court during appeal of the forcible detainer suit.  Because Greenridge Place
did not conclusively establish its claim for late fees, the burden never shifted
to Whitmire to defeat summary judgment.  See Rhone-Poulenc., Inc. v.
Steel, 997 S.W.2d 217, 222–23 (Tex. 1999).  Thus, we need not address his additional
arguments for avoiding late fees.





[3]
In his brief, Whitmire references two previous suits.  The first suit is the
one described above for forcible detainer and rents.  Whitmore mentions another
suit and generally states he paid a county-court judgment and did not appeal. 
However, the record is devoid of evidence regarding the nature of this suit.  Thus,
it cannot support any of Whitmire’s affirmative defenses.  Regardless, even if
we accepted as true his general statement that the other suit also involved
“forcible detainer,” our analysis would not change.





[4]
We recognize that, as emphasized by Greenridge Place, Whitmire does not cite
authority supporting his attorney-fee contentions.  However, because the law
governing recovery of attorneys’ fees for breach of contract and segregation is
well-established, we have liberally construed his brief to discern his
complaints, and we find “substantial compliance” with the briefing rules.  See
Tex. R. App. P.  38.9.





[5]
Because Greenridge Place has failed to prove its claim for attorneys’ fees, we
need not consider Whitmire’s contention that he raised a fact issue on whether the
total fees were reasonable and necessary.