

# NUMBER 13-11-00762-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**NEW WAVE PROPERTIES, INC.,**                **Appellant,**

**v.**

**KIMBERLY WIKOFF,**                **Appellee.**

---

## On appeal from the County Court at Law
## of San Patricio County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Chief Justice Valdez**

By two issues, appellant, New Wave Properties, Inc., appeals from the judgment of the County Court at Law of San Patricio County, denying appellant's claims for eviction and past due rent and ordering appellant to return to appellee, Kimberly Wikoff, personal property removed from her apartment. We affirm.

# I. BACKGROUND

Appellant is a management company for several apartment units. Appellee was leasing an apartment managed by appellant. Appellee's lease expired in August 2011, and appellant sent notice of non-renewal. Appellee did not move out of the property, and appellant filed an eviction suit and suit for rent in the justice court. The justice court granted judgment in favor of appellant. Appellee filed a notice of appeal along with a pauper's affidavit. Appellee filed no other written pleadings.

The County Court at Law of San Patricio County called the case for trial on October 20, 2011. Appellee appeared pro se, and appellant appeared by its corporate representative, Jessica Lopez. The following exchange occurred:

The Court: Okay. [Appellant] filed a complaint for eviction with a Suit for Rent on August 1, 2011, and got a judgment in JP Court No. 4. Possession of the premises described as 12 C Commonsway South, for delinquent rent in the amount of $417, late fees of $185, court costs of $121, interest at 5% per annum, and a writ of possession of the property for September 7, 2011.

That was done on August 29, 2011. [Appellee] you filed a Notice of Appeal, September 14, 2011.

. . .

The Court: Okay. Has [appellee] been paying rent into the registry of the Court?

The Clerk: No, sir.

Appellee: We moved.

The Court: Okay. Well, it is your appeal. What are you asking me to do?

Appellee: Well, I was bringing proof we did pay the rent. And also, the owner of the property has - - he came to my home when we were still living in it and took multiple amounts of items from our home and he was spotted running from our apartment.

2

The Court: He was what?

Appellee: Running from our apartment.

. . .

The Court: So what, basically, you are saying is that you don't owe any money?

Appellee: No. I have receipts for my last month's rent for August.

The Court: Well, I am asking: You are saying you don't owe any money to [appellant]?

Appellee: No.

. . .

The Court: What about all these things you have on the list, things stolen from your townhouse by [appellant], did you get them back?

Appellee: No. And I asked where they are located and they won't tell me. They took them while we were moving.

The Court: Ms. Lopez, what do you have to say about that?

. . .

Ms. Lopez: Their lease, Your Honor, expired in August and we did send them a non-renewal. We weren't going to be renewing them. And since it was abandoned, they removed the property, which they have in their possession.

The Court: You are saying [appellant] doesn't have these things?

Ms. Lopez: I have never seen that list, so, I don't - - and I didn't pull the property from the property, so I don't know. I wouldn't even be able to - - to say.

The Court: Well, did [appellant] take those things?

Ms. Lopez: Again, sir, I don't know. I am just here for nonpayment for September.

3

. . .

The Court: What do you do for appellant?

Ms. Lopez: I work in the office. I am the – usually I do the leasing. Leasing agent.

Appellee: Also, if I can add, the maintenance people knew that we were still there, because they had been seeing us moving stuff. And they said, "Well when are you moving?" And we said, "We are moving now."

They knew that it wasn't abandoned.

The Court: Okay. I am ordering all of this personal property listed in Exhibit A returned to [appellee]. And I am denying [appellant's] petition for delinquent rent and late fees.

## II. Discussion

Appellant raises two issues on appeal: (1) the trial court erred in denying judgment for appellant and granting a judgment for appellee, as there was no written pleading filed by appellee to support granting of a judgment; and (2) the judgment of the trial court was against the great weight and preponderance of the evidence.

### A. Trial without Pleading

In its first issue, appellant complains about the trial court's judgment, arguing that it was reversible error for the court to enter a judgment for appellee in the absence of written pleadings. As noted above, this case was originally brought by appellant in the justice court, which entered a judgment in appellant's favor. Appellee subsequently perfected an appeal to the county court at law. After holding a trial de novo, the county court entered judgment in favor of appellee.

Appellant argues that, because appellee had no claim for affirmative relief before the justice court, Rule 574a of the Texas Rules of Civil Procedure precluded her from

4

asserting a new claim for affirmative relief. *See* TEX. R. CIV. P. 574a. The rule provides as follows:

> Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below. The pleading thereof shall be in writing and filed in the cause before the parties have announced ready for trial.

*Id.*

As other courts of appeals have noted, rule 574a has "little practical effect" in light of Civil Practice and Remedies Code sections 31.004 and 31.005, "which allow a party to circumvent Rule 574a by bringing the new claim in a separate action in county court or district court." *Houtex Ready Mix Concrete & Materials v. Eagle Constr. & Environmental Servs. L.P*, 226 S.W.3d 514 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Harrill v. A.J.'s Wrecker Service, Inc.*, 27 S.W.3d 191, 194-195 (Tex. App.—San Antonio 2000, no pet.).

Thus, the remedy when a party asserts a new matter not previously pled in the justice court is severance, not dismissal for lack of jurisdiction. *See Harrill*, 27 S.W. 3d at 195 ("Because [the party appealing to county court] could have brought any additional claims constituting new grounds of recovery in county court, the trial court should have severed any such claims from the appeal of the original judgment instead of dismissing the claims."); *D'Tel Communications v. Roadway Package Serv., Inc.*, 987 S.W.2d 213, 214 (Tex. App.—Eastland 1999, no pet.) (holding that new counterclaim pleaded in appeal from county court to justice court was improperly brought under rule 574a; remedy was not dismissal but severance).

5

Here, appellant neither objected to the new matter being asserted for the first time in county court nor requested that the court sever the counterclaim from the appeal from justice court. Appellant also did not file a motion for new trial. Under such circumstances, our rules of appellate procedure provide that appellant is barred from complaining about this for the first time on appeal:

> As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the specific complaint . . . and the trial court ruled on the request, objection, or motion, either expressly or implicitly . . . or refused to rule on the request, objection, or motion and the complaining party objected to the refusal.

*See* TEX. R. APP. P. 33.1(a)(1).

Furthermore, although appellant complains that appellee failed to assert her counterclaim in written pleadings, the rules of procedure permit such matters to be tried by consent, whether express or implied:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of questions, as is provided in Rules 277 and 279.

TEX. R. CIV. P. 67.

In its brief, appellant acknowledges the foregoing rules, but nonetheless maintains that appellee's counterclaim was not tried by consent. While we agree with appellant that trial by consent should never be applied haphazardly, we do not agree

6

with appellant that the situation in this trial was "unclear to the parties," as appellant suggests.

First, the record shows that from the beginning of the trial, appellee clearly asserted a counterclaim for affirmative relief. Second, appellee was permitted to put on evidence of her counterclaim without any objection by appellant. Third, to the extent appellant's corporate representative subsequently advised the county court that she had no knowledge of appellee's counterclaim, it is clear that she was speaking as a fact witness and corporate representative responding to the court's inquiries, not as an attorney for appellant making an objection to appellee's counterclaim being tried without written pleadings. She told the court she was a leasing agent for appellant and made no claim to being an attorney or counsel of record for appellant in this trial. Although representation by a non-lawyer is permissible in a hearing on a landlord's sworn motion that the tenant failed to pay rent during the appeal as required, appellant filed no such motion and this trial was not a hearing on such a motion. *See* TEX. PROP. CODE ANN. § 24.0054(e) (West Supp. 2011) ("In a motion or hearing in county court under Subsection (a), the parties may represent themselves or be represented by their authorized agents, who need not be attorneys.").

In sum, this was not a "doubtful situation" where appellant had no knowledge of appellee's counterclaim being tried without a written pleading. *See White v. Sullins*, 917 S.W.2d 158, 161 (Tex. App.—Beaumont 1996, writ denied) ("It is a rule that should be applied with care and not in a doubtful situation."). Rather, this was an exceptional case where appellant, through its corporate representative, had actual knowledge of appellee's counterclaim but did not make a valid and timely objection to the trial of the

7

counterclaim. Under these circumstances, appellant is prohibited from complaining about the no-pleading issue on appeal. *See Elliott v. Hamilton*, 767 S.W.2d 262, 263 (Tex. App.—Beaumont 1989, writ denied) ("Appellants never voiced any objections nor raised the 'no pleading' issue prior to a motion for new trial. Had the jury issues been answered adverse to appellees, they would have been bound by res judicata. Appellants were willing to allow appellees to proceed to the jury and litigate the issues. They cannot, at this juncture, complain.") (citation omitted). Accordingly, appellant's first issue is overruled.

### B. Factual Sufficiency of the Evidence

In its second issue, appellant complains that the evidence was factually insufficient to support the trial court's judgment denying appellant's claim for rent during the pendency of the appeal.

### 1. Standard of Review

In reviewing a factual insufficiency point, this court must weigh all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam). We will set aside the verdict only if the evidence supporting the verdict is so weak or so against the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). We may not pass upon the witnesses' credibility or substitute our judgment for that of the fact-finder, even if the evidence would clearly support a different result. *Mar. Overseas Corp.*, 971 S.W.2d at 407. The amount of evidence necessary to affirm a judgment is far less than necessary to reverse

8

a judgment.  *Thomas v. Uzoka*, 290 S.W.3d 437, 452 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

When reviewing factual sufficiency issues, we are mindful that the fact finder is the sole judge of the credibility of the witnesses.  *Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex. App.—Tyler 2007, pet. denied) (citing *Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 637 (Tex. App.—Tyler 2004, no pet.)).  The trial court may take into consideration all of the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Id.* at 557-58.  Where enough evidence is before the trial court so that reasonable minds could differ on the meaning of the evidence, or the inferences and conclusions to be drawn from the evidence, we may not substitute our judgment for that of the trial court. *Id.* at 558.

When the party who had the burden of proof on an issue in a bench trial complains about the absence of a finding of fact by the trial court, we treat the absence of the finding as a refusal by the trial court to find the fact from a preponderance of the evidence.  *Santa Fe Petroleum, L.L.C.*, 156 S.W.3d at 637 (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989)).  When the party who had the burden of proof on an issue asserts that the trial court's refusal to find the fact is contrary to the evidence, we must overrule the complaint unless, considering all the evidence, the refusal is so contrary to the great weight and preponderance of the evidence that it is manifestly unjust.  *See Ramsey v. Lucky Stores, Inc.*, 853 S.W.2d 623, 632 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 649 (Tex.1988)).

9

## 2. Applicable Law

Justice courts have original jurisdiction over forcible detainer suits. Tᴇx. Pʀᴏᴘ. Cᴏᴅᴇ Aɴɴ. § 24.004 (West Supp. 2011); Tᴇx. Gᴏᴠ'ᴛ Cᴏᴅᴇ Aɴɴ. § 27.031(a)(2) (West Supp. 2011). Because a forcible detainer suit is intended to ensure a "speedy, summary, and inexpensive" determination regarding the right to immediate possession of real property, generally the sole issue is entitlement to actual and immediate possession. *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing Tᴇx. R. Cɪᴠ. P. 746; *Haginas v. Malbis Mem'l Found.*, 163 Tex. 274, 354 S.W.2d 368, 371 (Tex. 1962)). However, a justice or county court in such suits is vested with jurisdiction over a few other limited matters. *See* Tᴇx. R. Cɪᴠ. P. 738, 752; *Nguyen*, 229 S.W.3d at 415. In particular, a claim for rent may be joined with a forcible entry or detainer action as long as the claim falls within the justice court's jurisdiction. Tᴇx. R. Cɪᴠ. P. 738; *see Nguyen*, 229 S.W.3d at 415 (citing *Haginas*, 354 S.W.2d at 371).

A party may appeal the justice-court judgment to a county court for trial de novo. *See* Tᴇx. R. Cɪᴠ. P. 591 ("The cause shall be tried de novo in the county or district court; and judgment shall be rendered as in cases appealed from justice courts."); *id.* at R. 749 ("In appeals in forcible entry and detainer cases, no motion for new trial shall be filed. Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.").

On appeal in a forcible detainer suit, the county court exercises appellate, not original, jurisdiction, which is generally confined to the jurisdictional limits of the justice court. *Nguyen*, 229 S.W.3d at 434 (citing *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied)).

On appeal to the county court, "the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal," although only the party prevailing in the county court may recover these damages. TEX. R. CIV. P. 752. Such damages include, but are not limited to, loss of rents during pendency of the appeal and reasonable attorneys' fees in the justice and county courts. *Id.* The damages recoverable under Rule 752 are only those "suffered as a direct result of withholding or defending possession." *Nguyen*, 229 S.W.3d at 415 (quoting *Hanks v. Lake Towne Apartments*, 812 S.W.2d 625, 627 (Tex. App.—Dallas 1991, writ denied)). The justice and county courts lack subject-matter jurisdiction in a forcible detainer suit to adjudicate matters other than those set forth above. *Id.*

### 3. Analysis

Appellant did not plead a claim for damages, if any, suffered from the withholding of possession of the premises during the pendency of the appeal. *See* TEX. R. CIV. P. 752. Appellant did not file a sworn motion for unpaid rent during the pendency of the appeal, as provided for in the property code. *See* TEX. PROP. CODE ANN. § 24.054. Most importantly, appellant did not prevail in the county court on the claim being appealed from the judgment of the justice court, namely, the claim for delinquent rent for the month of August. Nor has appellant challenged the sufficiency of the evidence to

11

support the county court's judgment on that claim. Accordingly, appellant was not entitled to recover on a claim for unpaid rent during the pendency of the appeal. *See* TEX. R. CIV. P. 752 ("Only the party prevailing in the county court shall be entitled to recover damages against the adverse party."). Appellant's second issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
19th day of July, 2012.